70003, 70004. WOOD v. JONES (two cases).
(334 SE2d 9)

McMURRAY, Presiding Judge.

This is a wrongful death action arising from a motor vehicle collision. Plaintiff's husband was killed when an automobile crossed over the center line of a highway and collided with the pickup truck he was driving.

Plaintiff's complaint, as amended, alleged in the alternative that either defendant Robert Rollins or defendant Larry Wood was driving the automobile negligently at the time of the collision. Additional defendants were Debbie Wood, on a theory of negligent entrustment to defendant Rollins, and Emmett Wood, under the family purpose vehicle doctrine if defendant Larry Wood was found to have been driving at the time of the collision. Allstate Insurance Company (Allstate) was also served pursuant to OCGA § 33-7-11 (d), as the uninsured motorist insurance carrier of decedent.

The jury returned a verdict against defendants Larry and Emmett Wood. These defendants appeal. *Held:*

1. During the night of March 26-27, 1983, Cindy Shipman held a party at her parents' home to celebrate her twentieth birthday. The party was open to anyone who wanted to come and a large number of guests attended. Over 20 gallons of beer were consumed, along with quantities of other alcoholic beverages and some marijuana was smoked.

Defendant Rollins arrived at the party with defendant Larry Wood in the automobile which would later be involved in the colli-

sion. These two defendants consumed substantial quantities of alcoholic beverages at the party and went outside to a vehicle with a third individual, Synder, to share a joint of marijuana. Later, the three rejoined the party. Synder testified that later she went outside to talk to defendant Rollins and a third individual, the identity of whom she could not remember. On this occasion the three sat in the automobile which would later be involved in the collision. Synder's boyfriend arrived at the party and she and Rollins left the vehicle and once again returned to the party. Defendant Rollins wanted Synder to leave the party with him, but she would not, and he walked out the door. There is little evidence as to the whereabouts of defendants Rollins and Larry Wood thereafter.

There was evidence that the windshield of the automobile involved in the collision was cracked above the steering wheel. Fourteen months after the collision and shortly before trial, a few human hairs were removed from the cracked windshield and compared with a known sample of hair taken from the forehead of defendant Rollins. Expert testimony from a Georgia State Crime Laboratory microanalyst was admitted at trial that the hairs taken from the automobile did not match the known sample hairs of defendant Rollins.

There were no witnesses to the collision. After the collision defendant Rollins was found lying in the backseat of the automobile. One of Rollins' shoes was found under the brake pedal. Rollins was intoxicated (an intoximeter test indicated .22 grams percent). A physician testified that Rollins was too drunk to have been able to drive the automobile at the time of the collision.

There was no direct evidence placing defendant Larry Wood at the scene of the collision. There was evidence that defendant Larry Wood was absent from the party for a period of time, including the time of the collision. Also a witness testified that when she saw defendant Larry Wood in school a couple of days after the collision, he was wearing a hat, his hair was styled differently, and he "had a couple scratches on his forehead."

" 'When the party upon whom the burden of an issue rests seeks to carry it, not by direct proof, but by inferences, he has not . . . submitted any evidence for a jury's decision, until the circumstances he places in proof tend in some proximate degree to establish the conclusion he claims . . .' *Ga. R. &c. Co. v. Harris*, 1 Ga. App. 714, 717 (57 SE 1076) (1907). 'There must be more than a "scintilla" of circumstances to carry the case to the jury. [Cits.] More than a "scintilla" of circumstances "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." [Cit.]' *McCarty v. Nat. Life &c. Ins. Co.*, 107 Ga. App. 178, 182 (129 SE2d 408) (1962). Accord *Layton v. Knight*, 129 Ga. App. 113 (1) (198 SE2d 915) (1973)." *Lipe v. Coomler*, 171 Ga. App. 389, 391 (2) (319 SE2d

539). The evidence considered by the trial court in ruling on the motion for directed verdict by defendant Larry Wood, when considered in its entirety, permits a reasonable inference that defendant Larry Wood was the driver of the automobile at the time of the collision. Therefore, the trial court did not err in denying defendant Larry Wood's motion for directed verdict submitted at the close of the plaintiff's evidence. *Carver v. Jones*, 166 Ga. App. 197, 199 (3) (303 SE2d 529).

When defendant Larry Wood moved for a directed verdict at the close of plaintiff's evidence, the trial court reserved its ruling until after Allstate presented its evidence. Defendant Larry Wood re-argued his motion at the close of Allstate's evidence and it was denied. Defendant Larry Wood now argues for the first time on appeal that the trial court erred in permitting Allstate to present its evidence prior to ruling on his motion. A suggestion of error advanced for the first time on appeal will not be considered. *Sawyer v. C & S Nat. Bank*, 164 Ga. App. 177, 183 (2b) (296 SE2d 134).

2. Defendant Larry Wood enumerates as error the admission of the evidence as to the comparison of the hair sample taken from the automobile 14 months after the collision. The Whitfield County coroner testified that when he was looking at the automobile, the morning after the collision, he noticed hair in the shattered part of the windshield on the driver's side. Some 14 months later, prior to his collecting hair from the automobile for purposes of the comparison test, the coroner noticed that the condition of the windshield had not changed since his earlier observation. Although the automobile was accessible to an unknown number of people during the 14 month interval, the coroner's testimony was *sufficient* to permit the trial court to determine that it was reasonably certain that no tampering had occurred, and therefore, to admit the evidence. Any doubt remaining as to tampering goes to the weight of the evidence rather than its admissibility. *Interstate Life &c. Ins. Co. v. Whitlock*, 112 Ga. App. 212, 224-225 (144 SE2d 532).

3. Defendant Larry Wood enumerates as error the denial of his motion for new trial based on newly discovered evidence. The evidence at issue is a microscopic comparison of hair taken from the automobile involved in the collision and a known sample of hair taken from defendant Larry Wood. Such comparison reveals that the hair found in the automobile did not originate with defendant Larry Wood. It is incumbent on a party seeking a new trial on the basis of new evidence to show (among other criteria) that it was not owing to the want of due diligence that he did not acquire it sooner. *Timberlake v. State*, 246 Ga. 488, 491 (271 SE2d 792). Here, defendant was aware of the hair in the crack in the windshield and the issues arising therefrom over two weeks prior to the trial date. Counsel's affidavit

shows that he attempted to have the hair samples tested by a laboratory recommended by the State Crime Laboratory, but that he was unable to have tests completed prior to trial date. The trial court was authorized to conclude that the evidence now submitted should have been obtained prior to trial. *Bissell v. State*, 157 Ga. App. 711, 713 (8) (278 SE2d 415); *Atkins v. State*, 228 Ga. 578, 580 (4) (187 SE2d 132). There was no request for delay of trial in order to permit analysis prior to trial. *King v. Parson*, 149 Ga. App. 28 (1) (253 SE2d 426). This enumeration of error is without merit.

4. Defendant Emmett Wood enumerates as error the denial of his motions for directed verdict, motion for judgment notwithstanding the verdict and motion for new trial. He contends there was no evidence that he made the automobile available for family use. In this regard, he first contends he was not the owner of the automobile, although he acknowledges that the certificate of title issued to him made out a prima facie case as to ownership of the automobile. Defendant Emmett Wood argues that the evidence showing the ownership to be in another (his daughter, defendant Debbie Wood) overcame the prima facie showing as a matter of law. See *Thornton v. Alford*, 112 Ga. App. 321 (1) (145 SE2d 106). Contrary to the above argument the evidence before the trial court presented a genuine issue of material fact for resolution by the jury. *Kirkland v. Crawford*, 136 Ga. App. 388, 389 (221 SE2d 482).

Secondly, he contends that even if he is the owner of the vehicle, the evidence was not sufficient to authorize application of the family purpose doctrine. We disagree. The evidence of ownership coupled with the evidence that defendant Larry Wood was living at home and subject to his parents' general supervision, was sufficient to authorize a finding that defendant Emmett Wood had the right to exercise authority and control over the vehicle. *Murch v. Brown*, 166 Ga. App. 538 (304 SE2d 750); *Tolbert v. Murrell*, 253 Ga. 566, 568 (2) (322 SE2d 487). These enumerations of error are without merit.

5. Defendant Emmett Wood enumerates as error the trial court's refusal to give two of his requested charges regarding ownership of the automobile. However, the trial court's charge as given adequately presented the issue of ownership of the automobile. Failure to charge in the exact language requested, where the charge given substantially covers the same principles, is not error. *DeBerry v. Knowles*, 172 Ga. App. 101, 106 (321 SE2d 824).

6. Defendant Emmett Wood's remaining enumerations of error not being supported by argument or citation of authority are deemed abandoned. Rule 15 (c) (2) of the Rules of the Court of Appeals of the State of Georgia.

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED JULY 9, 1985 —
REHEARING DENIED JULY 22, 1985 —

F. Gregory Melton, Joseph T. Tuggle, H. A. Stephens, John E. Neidrach, Robert V. Rollins, for appellant.
W. W. Keith III, Diane Q. House, for appellee.