**75306, 75307. LEADER NATIONAL INSURANCE COMPANY v. MARTIN; and vice versa.**
(363 SE2d 281)

BANKE, Presiding Judge.

Martin sued Leader National Insurance Company seeking to recover optional personal injury protection ("no-fault") benefits allegedly due him pursuant to a policy of motor vehicle accident insurance issued to his wife and, in addition, to recover a statutory bad-faith penalty and attorney fees based on Leader's delay in paying the claim. Leader denied liability, contending that there had been no election of optional coverage by Martin's wife and that the statute of

limitations had run on the claim.

Prior to the trial of the case, the trial court granted partial summary judgment to Martin on the issues of whether there had been a valid rejection of optional coverage by the named insured and whether, due to the absence of such a rejection, Martin was entitled to assert a claim for maximum optional benefits in the amount of $45,000. Also, the trial court denied a motion for summary judgment filed by Leader on the basis of its statute of limitation defense, ruling that a material factual dispute existed on the issue of whether Martin had experienced mental incapacity resulting in the tolling of the limitation period. However, the trial court did grant partial summary judgment to Leader with respect to Martin's claim for a bad-faith penalty and attorney fees. As a result of these rulings, only two issues remained to be tried: (1) Whether Martin had in fact suffered from mental incapacity resulting in the tolling of the statute of limitation, and (2) whether and to what extent he had suffered compensable losses.

On December 5, 1986, four days before the commencement of the trial of these remaining issues, Leader filed a motion for reconsideration of the partial summary judgment which had been awarded to Martin on the optional coverage issue. This motion for reconsideration was predicated on the alleged discovery of certain new evidence purporting to establish that Leader had mailed timely written notices to its Georgia policyholders, including Martin's wife, advising them of the availability of optional no-fault coverage and seeking an election or rejection of such coverage from them. The motion for reconsideration was denied, and the subsequent trial of the case terminated in a directed verdict in Martin's favor with respect to the two remaining issues. On the basis of this directed verdict, and of the prior grant of partial summary judgment to Martin on the optional coverage issue, the trial court entered a final judgment in Martin's favor on December 11, 1986, awarding him $45,000 in optional benefits, plus prejudgment interest in the amount of $9,601.84.

On January 9, 1987, Leader filed a document entitled "Motion for New Trial or, in the Alternative, Motion to Set Aside Judgment." In this motion, Leader asserted that the trial court had erred in excluding from consideration the alleged newly discovered evidence which had been the subject of its previous motion for reconsideration of the partial summary judgment awarded to Martin on the optional coverage issue. In addition, Leader also asserted the discovery, subsequent to the trial, of certain other "new and material evidence" which would have produced a different verdict in the case. This latter evidence consisted, however, merely of additional testimony relating to the optional coverage issue, offered by the same witness on whose affidavit the pretrial motion for reconsideration had been based.

On February 12, 1987, Leader filed an amendment to its post-trial motion to assert, for the first time, that the evidence introduced at the trial had not authorized the direction of a verdict in Martin's favor with respect to either of the two issues being tried. The trial court subsequently denied Leader's post-trial motion, as amended, from which order Leader filed the present appeal. Martin has cross-appealed, enumerating as error the trial court's grant of partial summary judgment to Leader with respect to his claim for a bad-faith penalty and attorney fees. Additionally, Martin has filed a motion to dismiss the main appeal on the ground that Leader's original post-trial motion did not constitute a valid motion for new trial and was consequently ineffective to extend the time for filing an appeal. *Held*:

1. Leader's original "Motion for New Trial or, in the Alternative, Motion to Set Aside Judgment" quite clearly did not address anything which had occurred during the trial of the case, nor did it allege the discovery of any new evidence which could be considered relevant to either of the two issues which were the subject of that trial.[1] " ' "Objections which go to the judgment only, and do not extend to the verdict, cannot properly be made grounds of a motion for new trial. A motion for new trial seeks to set aside the verdict. No new trial is necessary to correct a judgment or decree. If a judgment or decree is erroneous or illegal, direct exception should be taken to it at the proper time." ' " *Sands v. Lamar Properties*, 159 Ga. App. 718, 719 (285 SE2d 24) (1981).

Where a motion for new trial is not a proper vehicle for review of a trial court's action, the motion has no validity and will not extend the time for filing the notice of appeal. *Pillow v. Seymour*, 255 Ga. 683, 684 (341 SE2d 447) (1986). Because Leader's original "motion for new trial or, in the alternative, motion to set aside judgment" was not directed towards any alleged defect in the trial or the resultant verdict but was directed entirely towards a summary judgment ruling which had been made by the court prior to trial, we hold that it had no validity as a motion for new trial, with the result that it was ineffective to extend the time for filing an appeal. Furthermore, since the 30-day period for filing a motion for new trial had already expired by the time Leader amended the motion to attack the validity of the directed verdict, the amendment itself cannot be considered a timely motion for new trial, with the result that it, too, was ineffective to extend the time for filing an appeal. Accord *Harrison v. Harrison*, 229

---

[1] Additionally, an examination of the supporting affidavits submitted with the motion reveals that the source of the alleged "new and material evidence" was the same witness who had provided the affidavit in support of the pre-trial motion for reconsideration. Consequently, it is evident on the face of the motion that the evidence in question was available to Leader prior to trial. See *Wood v. Jones*, 175 Ga. App. 534 (3) (334 SE2d 9) (1985).

Ga. 692 (1) (194 SE2d 87) (1972) (where the appeal was nevertheless allowed on the basis of the original motion for new trial, which was held to be defective not because it constituted an improper procedural vehicle for obtaining review of the trial court's action but merely because it was filed prematurely).

2. Assuming arguendo that Leader's alternative motion to set aside the judgment qualified as a motion to set aside filed pursuant to OCGA § 9-11-60 (d), any appeal therefrom would be subject to the application procedures set forth in OCGA § 5-6-35 (b). See OCGA § 5-6-35 (a) (8); *Jaraysi v. Southern Bell &c. Co.*, 176 Ga. App. 105 (335 SE2d 463) (1985). As Leader did not file an application for discretionary appeal, and as it neither filed a timely direct appeal from the final judgment entered in the case on December 11, 1986, nor filed a valid and timely motion for new trial, it follows that Martin's motion to dismiss Leader's appeal must be granted.

3. There being no valid main appeal, we are also without jurisdiction to entertain the cross-appeal, "which must derive its life from the main appeal, already dismissed. . . ." *Ewing Holding Corp. v. Egan-Stanley Investments*, 154 Ga. App. 493, 497 (268 SE2d 733) (1980).

*Appeals dismissed. Carley and Benham, JJ., concur.*

### ON MOTION FOR REHEARING.

On motion for rehearing, the appellant misconstrues our holding in this case as being "that if a party's initial motion for new trial is deniable [then] the motion will not be amendable, nor will it toll the time for filing a notice of appeal." What we have instead held is that a "motion for new trial" will not be effective to extend the time for filing an appeal unless it in fact raises some objection to the conduct of the trial or otherwise seeks to overturn the jury's verdict in the case. See generally OCGA §§ 5-5-20 through 5-5-25. Where, as in the present case, the motion is directed towards a summary judgment ruling issued by the court prior to the commencement of the trial, then it is actually a motion for reconsideration or motion to set aside rather than a motion for new trial; and it has repeatedly been held that such motions do not extend the time for filing an appeal. See *Austin v. Carter*, 248 Ga. 775, 776 (285 SE2d 542) (1982).

DECIDED NOVEMBER 5, 1987 —
REHEARING DENIED NOVEMBER 20, 1987.

*James S. Strawinski*, for appellant.
*Douglas F. Aholt, David E. Allman*, for appellee.