A89A0503. PARKER v. BELLAMY-LUNDA-DAWSON.
(378 SE2d 502)

BEASLEY, Judge.

Plaintiff Parker files this direct appeal from the trial court's denial of his motion to set aside final judgment following the grant of summary judgment in favor of defendant Bellamy-Lunda-Dawson Construction Company (BLD). BLD moves to dismiss the appeal on the basis that Parker failed to petition this Court for leave to appeal under OCGA § 5-6-35 (a) (8) and Court of Appeals Rule 40 (8).

Parker filed suit against BLD, the general contractor for construction on a portion of interstate near the Capital Avenue exit ramp, alleging that BLD caused the excavation of a large hole at the

end of a portion of the roadway and negligently left the hole un-lighted, unprotected, and without any warning barricades, causing the driver of Parker's bus to drive into the excavated area. Parker sought damages for lost revenue and income from operation of the bus, plus punitive damages.

The trial court granted BLD's motion for summary judgment and entered final judgment. See OCGA §§ 9-11-56; 9-11-54. Parker did not appeal the order but instead filed a "Motion to Set Aside Judgment and for a New Trial" pursuant to OCGA § 9-11-60. In an amended notice of appeal, Parker seeks to appeal only the refusal to set aside the judgment. The trial court made no express ruling on the new trial aspect of Parker's motion.

The denial of a motion to set aside a judgment pursuant to OCGA § 9-11-60 is expressly a matter of discretionary appeal under OCGA § 5-6-35 (a) (8). See also Court of Appeals Rule 40 (8). A different result does not occur merely because Parker's motion also sought a new trial.

"Because the judgment is one of law and does not involve the factual resolution of a jury verdict, it has been held repeatedly that a motion for new trial is not the proper vehicle to obtain a re-examination of the legal conclusions solely involved in a grant of summary judgment. [Cits.]" *Sands v. Lamar Properties*, 159 Ga. App. 718, 721 (285 SE2d 24) (1981). Even if a motion for new trial was not inappropriate and the trial court's ruling in effect denied the motion for new trial as well, Parker cannot circumvent the discretionary application procedure by filing a direct appeal of the denial of the motion for new trial that included the denial of the motion to set aside. *State Farm &c. Ins. Co. v. Yancey*, 258 Ga. 802 (375 SE2d 39) (1989).

Appellee BLD's motion to dismiss the appeal is granted.

*Appeal dismissed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED JANUARY 30, 1989 —
REHEARING DENIED FEBRUARY 10, 1989 — ▆▆▆▆▆▆▆

*George P. Graves*, for appellant.
*Alston & Bird, James F. Owens*, for appellee.