## A89A1174. PARKER v. BELLAMY-LUNDA-DAWSON.
### (386 SE2d 527)

BEASLEY, Judge.

This case appears for the second time here. See *Parker v. Bellamy-Lunda-Dawson*, 190 Ga. App. 257 (378 SE2d 502) (1989). As in the first instance, we must grant appellee defendant Bellamy-Lunda-Dawson Construction Company's motion to dismiss plaintiff Parker's appeal. It is procedurally defective.

The trial court granted summary judgment to BLD in this negligence action on August 24, 1988 and entered final judgment. Our first opinion provides a detailed statement of the litigation. Parker did not appeal but instead filed a "Motion to Set Aside Judgment and for a New Trial" on September 21.

The trial court refused to set aside the judgment, entering an order to that effect on October 26. This order, which was the subject of Parker's previous appeal, did not expressly rule on the new trial aspect of Parker's motion. Even though in the first appeal, Parker's amended notice of appeal sought review only of the refusal to set aside the judgment, the enumerations of error and briefs raised an implicit denial of the motion for new trial as well.

In the first opinion of this Court, it was expressly recognized that a motion for new trial was not the proper vehicle to obtain reconsideration by the lower court of its grant of summary judgment. Even if it was, the opinion continued, Parker could not use the new trial aspect of his motion to circumvent the mandatory discretionary appeal provision of OCGA § 5-6-35 (a) (8).

Rehearing in this Court was denied on February 10, 1989. Parker filed an intention to apply for certiorari to the Supreme Court.

On February 22, another judge of the lower court entered an order expressly denying Parker's motion for new trial and on the same day, Parker filed the present notice of appeal from the denial. His application for certiorari was withdrawn on March 15.

1. As said before, " 'a motion for new trial is not the proper vehicle to obtain a re-examination of the legal conclusions solely involved in a grant of summary judgment. (Cits.)' " *Parker*, supra, citing *Sands v. Lamar Properties*, 159 Ga. App. 718, 721 (285 SE2d 24) (1981). What is more crucial here, " 'a motion so filed has no validity and will

not extend the filing date of a notice of appeal within the intent and meaning of [OCGA § 5-6-38].' [Cit.]" *Moore v. First Nat. Bank of Atlanta*, 148 Ga. App. 631 (252 SE2d 60) (1979). See also *Dunn v. Lockheed-Ga. Co.*, 143 Ga. App. 66 (237 SE2d 531) (1977); *Shine v. Sportservice Corp.*, 140 Ga. App. 355 (231 SE2d 130) (1976).

Inasmuch as Parker's present notice of appeal is not timely to review the objected-to grant of summary judgment to BLD, this Court has no jurisdiction to entertain the appeal. Although Parker also enumerates as error the trial court's failure to grant him partial summary judgment, there is no indication in the record that such was sought or ruled on.

The motion to dismiss the appeal is granted.

2. Following the filing of appellee's motion, appellant filed a "Petitioner's Motion to Amend and Brief in Support and in Response to Motion to Dismiss." By it appellant apparently seeks to retitle his brief *"Petition for Appeal."* A ruling on this request is not warranted because such change in denomination cannot revive or save the present appeal.

*Appeal dismissed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 7, 1989.

*George P. Graves*, for appellant.
*R. Wayne Thorpe, Richard R. Hays*, for appellee.