S91A0568. BLACKWELL v. SUTTON et al.
(404 SE2d 114)

HUNT, Justice.

This appeal arises out of a complaint filed by Blackwell against Sutton for ejectment. Sutton filed a motion to dismiss, which the trial court treated as a motion for summary judgment, and granted. Blackwell filed a motion for new trial, which the trial court properly treated as a motion for reconsideration,[1] and denied. Blackwell appeals, contending the grant of summary judgment was improper. A motion for reconsideration, unlike those for new trial, in arrest of judgment, and for judgment notwithstanding the verdict, does not toll the 30-day period for filing a notice of appeal. *Adamson v. Adamson,* 226 Ga. 719 (177 SE2d 241) (1970). Accordingly, Blackwell's notice of appeal, filed more than 30 days after the trial court's grant of summary judgment to Sutton, was untimely, and his appeal is dismissed. See also *Mathis v. Hegwood,* 169 Ga. App 547 (314 SE2d 122) (1984).
*Appeal dismissed. All the Justices concur.*

DECIDED MAY 10, 1991 —
RECONSIDERATION DENIED JUNE 6, 1991.

*William W. Woody,* for appellant.
*Larry Fowler, B. Dean Grindle, Jr.,* for appellees.

---

[1] Although Blackwell's motion was titled one for new trial, his request was for a reconsideration on Sutton's motion to dismiss. None of the grounds routinely associated with a motion for new trial is included. A motion for new trial, by its very nature, would not lie to rectify an erroneous grant of summary judgment.