A92A1415. MAGNUM COMMUNICATIONS, LTD. v.
INTERNATIONAL BUSINESS MACHINES CORPORATION.
(424 SE2d 379)

COOPER, Judge.

In 1987, appellee brought an action against appellant for nonpayment of charges related to appellant's use of certain copyrighted software owned by appellee. When the case appeared on the trial calendar, the parties entered into a settlement agreement and executed a consent judgment, which both parties agreed would not be filed as long as appellant made the required monthly payments under the settlement agreement. In August 1991, appellant defaulted on its payments due under the agreement, and appellee, after sending a demand letter for payment to appellant's representative, filed the consent judgment. Appellant then filed a motion to set aside the judgment or, in the alternative, a motion for new trial. The trial court denied appellant's motion and this appeal followed.

1. Appellee has filed a motion to dismiss this appeal on the grounds that appellant failed to follow the discretionary appeal procedures of OCGA § 5-6-35 (a) (8), which require that an application for discretionary appeal be filed from an order denying a motion to set aside a judgment. "The denial of a motion to set aside a judgment pursuant to OCGA § 9-11-60 is expressly a matter of discretionary appeal under OCGA § 5-6-35 (a) (8). [Cit.] A different result does not occur merely because [appellant's] motion also sought a new trial." *Parker v. Bellamy-Lunda-Dawson,* 190 Ga. App. 257, 258 (378 SE2d 502) (1989). Appellant argues that this appeal arises from the denial of its motion for new trial and therefore is not governed by the discretionary appeal provisions. However, " ' "[o]bjections which go to the judgment only, and do not extend to the verdict, cannot properly be made grounds of a motion for new trial. A motion for new trial seeks to set aside the verdict. No new trial is necessary to correct a judgment or decree. If a judgment or decree is erroneous or illegal, direct exception should be taken to it at the proper time." ' [Cit.]" *Sands v. Lamar Properties,* 159 Ga. App. 718, 719 (285 SE2d 24) (1981). Regardless of how appellant's motion is denominated, the basis of the motion is that the consent judgment was entered in violation of the settlement agreement. Consequently, we conclude that the proper vehicle through which to take exception to the judgment was a motion to set aside and not a motion for new trial. Accordingly, appellant's appeal is dismissed for failure to follow the discretionary appeal pro-

cedures of OCGA § 5-6-35 (b).

2. Appellee's motion for damages pursuant to OCGA § 5-6-6 for frivolous appeal is denied.

*Appeal dismissed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 2, 1992.

*Stan E. Kreimer, Jr.,* for appellant.
*Quirk & Quirk, Joseph P. Quirk,* for appellee.