## A05A0970. ROGERS v. ESTATE OF GLENDA KERCE HARRIS et al.

(625 SE2d 65)

ADAMS, Judge.

This appeal involves the review of two related, but separate, cases filed in connection with certain real property in Floyd County, Georgia. For the reasons discussed below, we find that this Court lacks jurisdiction to consider the appeal from the trial court's order in Case No. 01-CV-23797-4 below, and the appeal from that case, therefore, is dismissed. And because we find that the claims in the appeal from Case No. 03-CV-31612JFL004 below are barred under the doctrine of collateral estoppel, we affirm in that case.

In the first case, Case No. 01-CV-23797-4, filed in the Superior Court of Floyd County, Catherine H. Calhoun petitioned to quiet title in the property, which had been owned by Calhoun's deceased mother, Glenda Faye Kerce Harris at the time of her death. Harris was believed to have died intestate on April 9, 1989, and Calhoun; her father, Edward M. ("Mack") Harris; and her brother, Ralph Edward ("Eddie") Harris were her heirs at law. Prior to the filing of the petition, Mack Harris executed a quitclaim deed transferring his interest in the property to his son, Eddie Harris. Chuck Rogers was later joined in the action as an indispensable party on the ground that Eddie Harris had previously signed a quitclaim deed transferring his interest in the property to Rogers. Calhoun subsequently dismissed all respondents other than Rogers from the action.

Rogers and Calhoun eventually reached a settlement and entered into a consent order, which held as a matter of law and fact that Calhoun owned an undivided one-third interest and Rogers owned an undivided two-thirds interest in the property. The consent order specifically found that Harris died intestate.

On January 21, 2003, a writ of partition was issued on the subject property. Rogers filed an objection to the partition and a demand for a jury trial. He also moved to vacate and set aside the consent order asserting the grounds of mutual mistake and recently discovered evidence. Rogers attached as newly discovered evidence an unsigned copy of what he alleged was Harris's last will and testament, which purported to bequeath the subject property in its entirety to Harris's husband, Mack Harris. Rogers argued that under the terms of this will, he was entitled to the entire property, without partition. In a separate action in the Probate Court of Floyd County, Rogers petitioned to probate the newly discovered will. And on May 8, 2003, the superior court entered an order purporting to stay the enforcement of the parties' consent order "until such time as a determination can made as to the viability of the purported will of Glenda Faye Harris."

On October 9, 2003, the probate court entered an order denying Rogers's petition for probate in solemn form. Rogers appealed the probate court's order to the superior court in Case No. 03-CV-31612JFL004, thus giving the superior court jurisdiction over both actions. Calhoun moved for summary judgment in the appellate action, and on October 22, 2004, the superior court entered an order granting Calhoun's motion and affirming the probate court's denial of Rogers's petition for probate.

Five days later, the superior court entered an order in the first action vacating its May 8, 2003 order, which had purported to stay the parties' consent order pending the outcome of the probate action. The order also denied Rogers's motion to vacate and set aside the consent order. Subsequently, on November 11, 2004, Rogers filed a motion for new trial in both cases and then on November 18, 2004, filed a notice of appeal, purporting to appeal both cases. On January 13, 2005, the superior court entered an order denying Rogers's motion for new trial, and Rogers, in turn, filed an amended notice of appeal seeking to appeal both cases.

Under *Rebich v. Miles*, 264 Ga. 467, 469 (448 SE2d 192) (1994), the underlying subject matter of an appeal generally controls when determining the proper appellate procedure. Rogers asserts in his motion to set aside the consent order in the first action that the order should be set aside because it was the product of "a mutual mistake of fact," that being "the parties' mistaken belief that Glenda Harris died intestate." Thus, the underlying subject matter of Rogers's motion to set aside is a claim of mistake under OCGA § 9-11-60 (d) (2). Under OCGA § 5-6-35 (a) (8), appeals from orders under OCGA § 9-11-60 (d) denying a motion to set aside a judgment must comply with the discretionary appeals procedure of OCGA § 5-6-35 (b) and (d).[1] Because Rogers did not file a timely application for discretionary appeal under OCGA § 5-6-35, this Court lacks jurisdiction over the appeal from the trial court's denial of his motion to set aside the consent order in the first action, Case No. 01-CV-23797-4. See *Arrowhead Alternator v. CIT Communications Finance Corp.*, 268 Ga. App. 464, 466 (602 SE2d 231) (2004); see also *Anderson v. GGS Hotel Holdings*, 234 Ga. App. 284 (505 SE2d 572) (1998). Accordingly, the appeal from Case No. 01-CV-23797-4 is dismissed.

Thus, because Rogers failed to properly appeal the denial of his motion to set aside the consent order, that order is final and binding upon the parties. See *Dickerson v. Dickerson*, 247 Ga. App. 812, 814

---

[1] A different result does not occur simply because the appellant subsequently filed a motion for new trial since the subject of the motion for new trial in this action was the trial court's denial of the motion to set aside. See *Magnum Communications v. IBM Corp.*, 206 Ga. App. 131 (424 SE2d 379) (1992).

(1), n. 8 (545 SE2d 378) (2001). Therefore, the consent order's specific finding that Harris died intestate is binding upon Rogers and Calhoun.

Rogers's appeal in Case No. 03-CV-31612JFL004 seeks review of the superior court's order affirming the denial of his petition to probate Harris's purported last will and testament. Resolution of the issues in that appeal would require reconsideration of the issue of whether Harris bequeathed the property in question before she died or whether she died intestate. "Georgia's collateral estoppel doctrine precludes the re-adjudication of an issue that has previously been litigated and adjudicated on the merits in another action between the same parties. . . ." (Citation and punctuation omitted.) *Seay v. Roberts*, 275 Ga. App. 295, 296 (620 SE2d 417) (2005). Thus, we hold that under the circumstances of this case, the consent order's finding that Harris died intestate collaterally bars Rogers's petition to probate Harris's purported will. See *Dickerson v. Dickerson*, 247 Ga. App. at 813-814 (1) (finding in wrongful death action that decedent's companion was not his common law wife binding in later probate action); *Gwinnett County Bd. of Tax Assessors v. Gen. Elec. Capital Computer Svcs.*, 273 Ga. 175 (538 SE2d 746) (2000) (consent order in prior action barred relitigation of issues between same parties); *McGraw v. Smith*, 232 Ga. App. 513, 514 (1) (502 SE2d 347) (1998) (prior finding that decedent had bequeathed land to only one child barred later constructive trust action by other siblings). "[C]ollateral estoppel does not require identity of the claim — so long as the issue was determined in the previous action and there is identity of the parties, that issue may not be re-litigated, even as part of a different claim." *Gwinnett County Bd. of Tax Assessors v. Gen. Elec. Capital Computer Svcs.*, 273 Ga. at 178 (1). For these reasons, we affirm the trial court's order affirming the probate court's denial of Rogers's petition to probate in solemn form.

*Judgment affirmed in part and appeal dismissed in part. Smith, P. J., and Ellington, J., concur.*

DECIDED NOVEMBER 30, 2005 —
RECONSIDERATION DENIED DECEMBER 15, 2005.

*Floyd H. Farless*, for appellant.
*Smith, Price & Wright, Sidney P. Wright, Karen S. Wilkes*, for appellees.