# Court of Appeals
# of the State of Georgia

ATLANTA,    July 20, 2012

*The Court of Appeals hereby passes the following order:*

**A12A1973.  ROBBIN E. SMITH v. DISCOVER BANK.**

On May 9, 2011, the trial court entered summary judgment for Discover Bank in its suit on account against Robbin E. Smith.  Smith filed a "motion to set aside judgment or in the alternative, for new trial."  The trial court denied the motion in an order entered September 12, 2011.  Smith appealed that order on October 7, 2011.  However, we lack jurisdiction over the appeal.

Pursuant to OCGA § 9-11-56 (h), the grant of summary judgment is reviewable by direct appeal. *Whiddon v. Stargell*, 192 Ga. App. 826, 828 (386 SE2d 884) (1989).  As a rule, "[a] notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of . . . ."  OCGA § 5-6-38 (a).  Smith did not file a notice of appeal within 30 days after entry of the grant of summary judgment.

Regardless of what she labeled her motion, Smith simply was seeking reconsideration of the trial court's grant of summary judgment.  The denial of a motion for reconsideration is not appealable in its own right, nor does the filing of such a motion extend the time for filing a notice of appeal under OCGA § 5-6-38 (a). See *Blackwell v. Sutton*, 261 Ga. 284 (404 SE2d 114) (1991); *Bell v. Cochran*, 244 Ga. 510, 511 (536 SE2d 187) (2000); *Savage v. Newsome*, 173 Ga. App. 271 (326 SE2d 5) (1985).

In any event, even had Smith asserted grounds to set aside the summary judgment under OCGA § 9-11-60 (d), she was required to file an application for discretionary appeal to challenge the denial of such a motion. OCGA § 5-6-35 (a) (8); see *Rogers v. Estate of Harris*, 276 Ga. App. 898, 899 (625 SE2d 65) (2005).  And

"[a] motion for new trial, by its very nature, [does] not lie to rectify an erroneous grant of summary judgment." *Blackwell*, 261 Ga. at 284, n. 1.

Because Smith's appeal is not timely filed from an appealable judgment, it is hereby **DISMISSED** for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 07/20/2012
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ , *Clerk.*