# Court of Appeals
# of the State of Georgia

ATLANTA,  September 14, 2012

*The Court of Appeals hereby passes the following order:*

**A13A0037.  IN RE: ESTATE OF HARRIET GREY NESBIT.**

On August 8, 2011, the probate court granted summary judgment in favor of the administrator of Harriet Grey Nesbit's estate in this action brought by Nesbit's beneficiaries alleging breach of fiduciary duty.  The beneficiaries filed a motion for new trial, or in the alternative, to set aside the summary judgment order under OCGA § 9-11-60 (d).  The probate court denied that motion.  On May 21, 2012, the beneficiaries filed a notice of appeal to this Court.

Pursuant to OCGA § 9-11-56 (h), the grant of summary judgment is reviewable by direct appeal. *Whiddon v. Stargell*, 192 Ga. App. 826, 828 (386 SE2d 884) (1989).  As a rule, "[a] notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of . . . ."  OCGA § 5-6-38 (a).  The beneficiaries did not file a notice of appeal within 30 days after entry of the grant of summary judgment.  Instead, they filed a motion for new trial or to set aside.

However, if "a motion for new trial is not a proper vehicle for review of a trial court's action, the motion has no validity and will not extend the time for filing the notice of appeal." *Pillow v. Seymour*, 255 Ga. 683, 684 (341 SE2d 447) (1986).  We have held that a motion for new trial is not a proper method for challenging the grant of summary judgment. See *Leader Nat. Ins. Co. v. Martin*, 185 Ga. App. 27 (363 SE2d 281) (1987); see also *Blackwell v. Sutton*, 261 Ga. 284 n. 1 (404 SE2d 114) (1991) ("A motion for new trial, by its very nature, would not lie to correct an erroneous grant of summary judgment.").  Accordingly, the beneficiaries' motion for new trial did not extend their deadline for filing a notice of appeal.  And the denial of a motion to set aside under OCGA § 9-11-60 (d) may only be appealed by

complying with the discretionary appeal procedures. See OCGA § 5-6-35 (a) (8); *Rogers v. Estate of Harris*, 276 Ga. App. 898, 899 (625 SE2d 65) (2005).

Because the beneficiaries did not file a timely notice of appeal from the summary judgment order, we lack jurisdiction to consider this appeal, which is therefore DISMISSED.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,*  09/14/2012
            *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
                *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*