# Court of Appeals
# of the State of Georgia

ATLANTA,     April 05, 2013

*The Court of Appeals hereby passes the following order:*

**A13A1379.  CINDY LESMAN et al. v. ROBERT W. LAW et al.**

On September 10, 2012 and September 19, 2012, the trial court granted summary judgment in favor of all defendants in this case.  Plaintiffs Cindy and Mark Lesman filed a pro se motion entitled "Motion for Judgment Notwithstanding the Verdict or Alternatively, Motion for New Trial" from the trial court's orders granting summary judgment.  On January 16, 2013, the Lesmans filed their pro se notice of appeal from the trial court's order denying their motion.  We lack jurisdiction.

Pursuant to OCGA § 9-11-56 (h), the grant of summary judgment is reviewable by direct appeal. *Whiddon v. Stargell*, 192 Ga. App. 826, 828 (386 SE2d 884) (1989). As a rule, "[a] notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of. . . ."  OCGA § 5-6-38 (a).  The Lesmans did not file a notice of appeal within 30 days after entry of the grant of summary judgment. Instead, they filed a motion for judgment notwithstanding the verdict or, alternatively, a motion for new trial.  However, "[w]here a motion for new trial is not a proper vehicle for review of a trial court's action, the motion has no validity and will not extend the time for filing the notice of appeal." *Pillow v. Seymour*, 255 Ga. 683, 684 (341 SE2d 447) (1986).  We have held that a motion for new trial is not a proper method for challenging the grant of summary judgment.  See *Leader Nat. Ins. Co. v. Martin*, 185 Ga. App. 27 (363 SE2d 281) (1987); see also *Blackwell v. Sutton*, 261 Ga. 284, n. 1 (404 SE2d 114) (1991) ("A motion for new trial, by its very nature, would not lie to rectify an erroneous grant of summary judgment.").  Likewise, a motion for judgment notwithstanding the verdict is not a proper vehicle for challenging the grant of summary judgment.  Accordingly, the

Lesmans' motion did not extend their deadline for filing a notice of appeal.

Furthermore, to the extent the motion could be considered a motion for reconsideration, it did not extend the time to appeal from the underlying order, and the order resolving it is not subject to direct appeal. See *Bell v. Cohran*, 244 Ga. App. 510 (536 SE2d 187) (2000). And even if we construe the Lesmans' motion as a motion to set aside under OCGA § 9-11-60 (d), such an order may only be appealed by complying with the discretionary appeal procedures. See OCGA § 5-6-35 (a) (8); *Arrowhead Alternator v. CIT Communications Finance Corp.*, 268 Ga. App. 464, 466 (602 SE2d 231) (2004).

Because the Lesmans did not file a timely notice of appeal from the summary judgment orders, we lack jurisdiction to consider this appeal, which is therefore DISMISSED.



*Court of Appeals of the State of Georgia*
         *Clerk's Office, Atlanta,* 04/05/2013
         *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
         *Witness my signature and the seal of said court hereto affixed the day and year last above written.*


, *Clerk.*