# Court of Appeals
# of the State of Georgia

ATLANTA,   October 28, 2013

*The Court of Appeals hereby passes the following order:*

### A14A0334. WILLIAM E. PARKER v. PINETREE COUNTRY CLUB CONDO ASSOCIATION.

In 2008, Pinetree Country Club Condo Association filed a complaint for judicial foreclosure against William E. Parker. On September 21, 2010, the trial court granted the Association's motion for summary judgment. Parker filed a motion to set aside, which the trial court denied. In November 2011, Parker filed a motion for new trial, which the trial court denied on July 27, 2012. Parker filed a direct appeal from this ruling.

Pursuant to OCGA § 5-6-38 (a), a notice of appeal must be filed within 30 days after entry of the decision to be appealed. Here, Parker had a right to appeal the trial court's order granting the Association's motion for summary judgment. See OCGA § 9-11-56 (h). He did not, however, file a notice of appeal within 30 days after entry of the grant of summary judgment. Instead, he seeks to appeal the trial court's order denying his motion for new trial.

Although a motion for new trial generally extends the time in which to file a notice of appeal, such a motion is not valid unless it is filed within 30 days after entry of judgment. See OCGA § 5-5-40 (a); *Wright v. Rhodes*, 198 Ga. App. 269 (401 SE2d 35) (1990). Here, Parker filed the motion for new trial more than 400 days after the trial court's entry of judgment, and thus the motion is void. See *Wright*, supra. Furthermore, where a motion for new trial is not a proper method of challenging the trial court's ruling, the motion is invalid and does not extend the time for filing a notice of appeal. See *Pillow v. Seymour*, 255 Ga. 683, 684 (341 SE2d 447) (1986). We have held that a motion for new trial is not a proper method for challenging the

grant of summary judgment. See *Leader Nat. Ins. Co. v. Martin*, 185 Ga. App. 27 (363 SE2d 281) (1987); see also *Blackwell v. Sutton*, 261 Ga. 284 n. 1 (404 SE2d 114) (1991) ("A motion for new trial, by its very nature, would not lie to correct an erroneous grant of summary judgment.").

Accordingly, Parker's motion for new trial did not extend his deadline for filing a notice of appeal.[1] Because Parker did not file a timely notice of appeal from the summary judgment order, we lack jurisdiction to consider his appeal, which is therefore DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,* 10/28/2013
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*



_____ *, Clerk.*

---

[1] Although Parker filed a motion to set aside, the denial of a motion to set aside under OCGA § 9-11-60 (d) may only be appealed by complying with the discretionary appeal procedures. See OCGA § 5-6-35 (a) (8); *Rogers v. Estate of Harris*, 276 Ga. App. 898, 899 (625 SE2d 65) (2005).