# Court of Appeals
# of the State of Georgia

ATLANTA,      March 23, 2016

*The Court of Appeals hereby passes the following order:*

**A16A0918.  AL OZELCI A/K/A ALI OZWLCI v. IRFAN POYRAZ.**

In December 2008, the trial court entered a judgment in favor of the plaintiff in this civil case.  In November 2013, Defendant Al Ozelci filed a Motion for New Trial or to Set Aside the Judgment, arguing essentially that the trial court lacked jurisdiction to enter the judgment because Ozelci did not receive the requisite notice of pre-trial orders.  After the trial court denied his motion, Ozelci filed this appeal. We lack jurisdiction.

Although a motion for new trial generally extends the time in which to file a notice of appeal, such a motion is not valid unless it is filed within 30 days after entry of judgment. See OCGA § 5-5-40 (a); *Wright v. Rhodes*, 198 Ga. App. 269 (401 SE2d 35) (1990).  Here, Ozelci filed his motion nearly five years after the trial court's entry of judgment, and thus the motion is void and did not extend the time to appeal. See *Wright*, supra.

Moreover, it appears that Ozelci's lack-of-notice argument is most accurately characterized as one seeking relief pursuant to OCGA § 9-11-60 (d).  See *Taylor v. Chester*, 207 Ga. App. 217 (427 SE2d 582) (1993).  To obtain review of the denial of such an order, an appellant must follow the discretionary appeal procedures.  See OCGA § 5-6-35 (a) (8); *Rogers v. Estate of Harris*, 276 Ga. App. 898, 899 (625 SE2d 65) (2005).  Ozelci did not follow those procedures here.

For these reasons, we lack jurisdiction to consider Ozelci's appeal, and it is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,*____03/23/2016____
  *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*