**THIRD DIVISION
MILLER, P. J.,
MCFADDEN, P. J., and MCMILLIAN, J.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**March 8, 2017**

# In the Court of Appeals of Georgia

A16A1687. MEDTECH, INC. v. NELSON et al.

McFADDEN, Presiding Judge.

This appeal challenges a trial court's grant of an extraordinary motion for new trial vacating an earlier grant of summary judgment. Because a motion for new trial is not an appropriate vehicle for obtaining review of a grant of summary judgment, we reverse.

On October 4, 2010, Everard Nelson and his wife Vivienne Nelson filed a complaint against Biomet Microfixation, LLC, and MedTech, Inc., asserting claims for products liability, breach of warranty, and negligence. The complaint alleged that a bone cement manufactured by Biomet and distributed by MedTech had failed after it was used to fill a void in Everard Nelson's skull during a surgery and that the defendants, among other things, had been negligent in training healthcare personnel

regarding the storage and usage of the product. The Nelsons later filed an amended complaint, asserting claims of negligence against The Center for Advanced Neurological Surgery, P. C., as the employer of the doctor who had performed the surgery. On January 14, 2012, MedTech moved for summary judgment as to all claims against it. The Nelsons filed no response to MedTech's motion for summary judgment and consented to the trial court ruling on the motion without a hearing. On September 20, 2013, the trial court entered an order granting summary judgment to MedTech as to the claims against it. In that order, the trial court also found no just reason for delay and directed the clerk of court to enter judgment in favor of MedTech pursuant to OCGA § 9-11-54 (b).

Over a year later, on October 30, 2014, the Nelsons filed two separate motions: an extraordinary motion for new trial based on a claim of newly discovered evidence and a motion to set aside under OCGA § 9-11-60 (d) based on an alleged mistake. On September 17, 2015, the trial court held a hearing on only the extraordinary motion for new trial. At the hearing, the Nelsons argued that they had made the showings required to obtain a new trial based on newly discovered evidence. In response, MedTech first argued that a motion for new trial was not an appropriate vehicle for seeking review of a grant of summary judgment and then, alternatively, argued that

2

the Nelsons had not made all of the showings required to obtain a new trial based on a claim of newly discovered evidence. On January 13, 2016, the trial court entered an order granting the Nelsons' extraordinary motion for new trial. MedTech filed an application for interlocutory review of the order, which this court granted. This appeal followed.

"Where a motion for new trial is not a proper vehicle for review of a trial court's action, the motion has no validity. . . . In this regard, a motion for new trial is not the proper vehicle to obtain a re-examination of the grant of summary judgment and a motion so filed has no validity[.]" *Debter v. Stephens*, 297 Ga. 652 (777 SE2d 244) (2015) (citations and punctuation omitted). See also *Blackwell v. Sutton*, 261 Ga. 284 n. 1 (404 SE2d 114) (1991) ("A motion for new trial, by its very nature, would not lie to rectify an erroneous grant of summary judgment."). Consequently, the Nelsons' extraordinary motion for new trial was not a proper vehicle to obtain relief from the grant of summary judgment to MedTech. See generally *Ford Motor Co. v. Conley*, 294 Ga. 530, 539 (2) (757 SE2d 20) (2014) (for explanation that distinction between ordinary and extraordinary motion for new trial is timing, with ordinary motion timely made within 30 days of entry of judgment on jury verdict or after

3

bench trial, while extraordinary motion is untimely). Accordingly, the trial court erred in granting a motion for new trial that had no validity.

Moreover, to the extent that the extraordinary motion for new trial could be characterized as a motion for reconsideration of a summary judgment order that did not dispose of the entire case, it still would not serve as a valid basis for relief from the order in this case, which expressly directed judgment in favor of MedTech under OCGA § 9-11-54 (b). "Summary judgment orders which do not dispose of the entire case are considered interlocutory and remain within the breast of the court until final judgment is entered. They are subject to revision at any time before final judgment *unless* the court issues an order upon express direction under OCGA § 9-11-54 (b)." *Canoeside Properties v. Livsey*, 277 Ga. 425, 427 (1) (589 SE2d 116) (2003) (citations and punctuation omitted; emphasis supplied). Although the Nelsons' separate motion to set aside pursuant to OCGA § 9-11-60 (d) was not ruled upon and is apparently still pending in the trial court, the trial court's erroneous grant of an invalid motion for new trial must be reversed.

*Judgment reversed. Miller, P. J., and McMillian, J., concur.*

4