# Court of Appeals
# of the State of Georgia

ATLANTA,  December 01, 2020

*The Court of Appeals hereby passes the following order:*

**A20A1934. NIHAD AL JABERI v. MD ANISUR RAHMAN.**

On December 9, 2019, the trial court granted summary judgment in favor of plaintiff MD Anisur Rahman in this case. Defendant Nihad Al Jaberi filed a pro se motion entitled "Motion to Dismiss or New Trial" from the trial court's order granting summary judgment. In the pleading, Al Jaberi stated he "would like for the court to reconsider this case." On March 27, 2020, Al Jaberi filed a pro se notice of appeal from the trial court's order denying his motion. Rahman has moved to dismiss this appeal on the ground that the notice of appeal is untimely. We agree.

Pursuant to OCGA § 9-11-56 (h), the grant of summary judgment is reviewable by direct appeal. *Whiddon v. Stargell*, 192 Ga. App. 826, 828 (386 SE2d 884) (1989). As a rule, "[a] notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of . . . ." OCGA § 5-6-38 (a). Al Jaberi did not file a notice of appeal within 30 days after entry of the grant of summary judgment. Instead, he filed a motion to dismiss or for new trial. However, "[w]here a motion for new trial is not a proper vehicle for review of a trial court's action, the motion has no validity and will not extend the time for filing the notice of appeal." *Pillow v. Seymour*, 255 Ga. 683, 684 (341 SE2d 447) (1986). We have held that a motion for new trial is not a proper method for challenging the grant of summary judgment. See *Leader Nat. Ins. Co. v. Martin*, 185 Ga. App. 27, 29 (1) (363 SE2d 281) (1987); see also *Blackwell v. Sutton*, 261 Ga. 284, n. 1 (404 SE2d 114) (1991) ("A motion for new trial, by its very nature, would not lie to rectify an erroneous grant of summary judgment."). Accordingly, Al Jaberi's motion did not extend his deadline for filing a notice of appeal.

Furthermore, to the extent the motion could be considered a motion for reconsideration, since it specifically asked the trial court to reconsider the case, the motion did not extend the time to appeal from the underlying order, and the order resolving it is not subject to direct appeal. See *Bell v. Cohran*, 244 Ga. App. 510, 510 (536 SE2d 187) (2000) ("a motion for reconsideration does not toll the time for filing a direct appeal"). And even if we construe Al Jaberi's motion as a motion to set aside under OCGA § 9-11-60 (d), an order denying such a motion may be appealed only by complying with the discretionary appeal procedures. See OCGA § 5-6-35 (a) (8); *Arrowhead Alternator v. CIT Communications Finance Corp.*, 268 Ga. App. 464, 466 (602 SE2d 231) (2004).

Because Al Jaberi did not file a timely notice of appeal from the summary judgment order, we lack jurisdiction to consider this appeal. Rahman's motion to dismiss is GRANTED, and this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta, 12/01/2020*
   *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
   *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____, *Clerk.*