# Court of Appeals
# of the State of Georgia

ATLANTA,  June 24, 2022

*The Court of Appeals hereby passes the following order:*

**A22D0424. JOHN TAYLOR et al. v. BLACKSTONE RESIDENTIAL OPERATING PARTNERSHIP, LP.**

This case began as a dispossessory proceeding in magistrate court. After the magistrate court entered a writ of possession in favor of the plaintiff Blackstone Residential Operating Partnership, LP, the defendants appealed to the superior court. The superior court granted summary judgment in favor of Blackstone on May 3, 2022, finding it was entitled to an immediate writ of possession. The defendants filed a "Motion for New Trial or Judgment Nothwithstanding the Verdict." The superior court denied the motion on June 6, 2022. The defendants then filed this application for discretionary appeal on June 13, 2022. Because the application is untimely from the order granting summary judgment, we lack jurisdiction.

Ordinarily, an application for discretionary review must be filed within 30 days of entry of the order sought to be appealed. See OCGA § 5-6-35 (d). Under OCGA § 44-7-56, however, appeals in dispossessory actions must be filed within seven days of the date the judgment was entered. See *Ray M. Wright, Inc. v. Jones*, 239 Ga. App. 521, 522-523 (521 SE2d 456) (1999); see also Court of Appeals Rule 31 (a). The defendants' application here was filed on June 13, which was 41 days after the superior court issued its order granting summary judgment.

The filing of the defendants' motion for new trial or judgment notwithstanding the verdict does not make the application timely. Where a motion for new trial is not a proper vehicle for review of a trial court's action, the motion has no validity and will not extend the time for filing an application for discretionary appeal. See *Bigham v. Wright*, 194 Ga. App. 194, 194 (390 SE2d 109) (1990); see also *Pillow v. Seymour*,

255 Ga. 683, 684 (341 SE2d 447) (1986). We have held that a motion for new trial is not a proper method for challenging the grant of summary judgment. See *Leader Nat. Ins. Co. v. Martin*, 185 Ga. App. 27, 29 (1) (363 SE2d 281) (1987); see also *Blackwell v. Sutton*, 261 Ga. 284, 284 n. 1 (404 SE2d 114) (1991) ("A motion for new trial, by its very nature, would not lie to rectify an erroneous grant of summary judgment."). Likewise, a motion for judgment notwithstanding the verdict is not a proper vehicle for challenging the grant of summary judgment.

Because the defendants' motion for new trial or judgment notwithstanding the verdict was not the appropriate vehicle for challenging the superior court's ruling, it did not operate to extend the time for filing an application for discretionary appeal. As no timely application was filed from the superior court's May 3 order granting summary judgment, we lack jurisdiction to consider this matter. Accordingly, this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __06/24/2022__

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*