# Court of Appeals
# of the State of Georgia

ATLANTA,  October 11, 2022

*The Court of Appeals hereby passes the following order:*

**A23A0147. KIMBERLY L. TUOPAEH v. NATIONAL COLLEGIATE SUDENT LOAN TRUST 2006-2.**

After the trial court entered summary judgment for the plaintiff, Defendant Kimberly L. Tuopaeh filed a motion for new trial. The trial court treated the motion as a motion for reconsideration and denied it. Tuopaeh then filed this appeal. We, however, lack jurisdiction.

A notice of appeal must be filed within 30 days after entry of the appealable order. OCGA § 5-6-38 (a). The proper and timely filing of the notice of appeal is an absolute requirement to confer appellate jurisdiction upon this Court. See *Rowland v. State*, 264 Ga. 872, 872 (452 SE2d 756) (1995). In this case, the order granting summary judgment was entered on December 20, 2021, and Tuopaeh filed her notice of appeal on July 22, 2022, which was 214 days later.

Tuopaeh's purported motion for new trial does not make the notice of appeal timely. "Where a motion for new trial is not a proper vehicle for review of a trial court's action, the motion has no validity and will not extend the time for filing the notice of appeal." *Pillow v. Seymour*, 255 Ga. 683, 684 (341 SE2d 447) (1986). We have held that a motion for new trial is not a proper method for challenging the grant of summary judgment. See *Leader Nat. Ins. Co. v. Martin*, 185 Ga. App. 27, 29 (1) (363 SE2d 281) (1987); see also *Blackwell v. Sutton*, 261 Ga. 284, 284 n. 1 (404 SE2d 114) (1991) ("A motion for new trial, by its very nature, would not lie to rectify an erroneous grant of summary judgment.").

Furthermore, to the extent the motion could be considered a motion for reconsideration, the motion did not extend the time to appeal from the underlying

order, and the order resolving it is not subject to direct appeal. See *Bell v. Cohran*, 244 Ga. App. 510, 510 (536 SE2d 187) (2000) ("a motion for reconsideration does not toll the time for filing a direct appeal"). And even if we construe Tuopaeh's motion as a motion to set aside under OCGA § 9-11-60 (d), an order denying such a motion may be appealed only by complying with the discretionary appeal procedures. See OCGA § 5-6-35 (a) (8); *Arrowhead Alternator v. CIT Communications Finance Corp.*, 268 Ga. App. 464, 466 (602 SE2d 231) (2004).

Because Tuopaeh did not file a timely notice of appeal from the summary judgment order, we lack jurisdiction to consider this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
         *Clerk's Office, Atlanta,   10/11/2022            *
         *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
         *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*