# Court of Appeals
# of the State of Georgia

ATLANTA, January 23, 2024

*The Court of Appeals hereby passes the following order:*

**A24A0719. JEREMIAH ANDERSON v. FITNESS INTERNATIONAL, LLC**

In this premises liability action, the trial court granted Fitness International, LLC's motion for summary judgment on September 19, 2023. Plaintiff Jeremiah Anderson filed a motion for new trial on October 19, 2023, seeking reconsideration of the order granting summary judgment to the defendant. The trial court denied the motion on October 26, 2023, and Anderson filed his notice of appeal on November 24, 2023. Fitness International has filed a motion to dismiss the appeal for lack of jurisdiction, arguing that because the notice is untimely from the order granting summary judgment, we lack jurisdiction to consider this appeal. We agree.

A notice of appeal must be filed within 30 days after entry of the appealable order. OCGA § 5-6-38 (a). The proper and timely filing of the notice of appeal is an absolute requirement to confer appellate jurisdiction upon this Court. See *Rowland v. State*, 264 Ga. 872, 872 (1) (452 SE2d 756) (1995). In this case, the notice of appeal was filed 66 days after the order granting summary judgment.

Anderson's purported motion for new trial does not make the notice of appeal timely. "Where a motion for new trial is not a proper vehicle for review of a trial court's action, the motion has no validity and will not extend the time for filing the notice of appeal." *Pillow v. Seymour*, 255 Ga. 683, 684 (341 SE2d 447) (1986). We have held that a motion for new trial is not a proper method for challenging the grant of summary judgment. See *Leader Nat. Ins. Co. v. Martin*, 185 Ga. App. 27, 29 (1) (363 SE2d 281) (1987); see also *Blackwell v. Sutton*, 261 Ga. 284, 284 n. 1 (404 SE2d 114) (1991) ("A motion for new trial, by its very nature, would not lie to rectify an erroneous grant of summary judgment.").

Furthermore, to the extent the motion could be considered a motion for reconsideration, the motion did not extend the time to appeal from the underlying order, and the order resolving it is not subject to direct appeal. See *Bell v. Cohran*, 244 Ga. App. 510, 510 (536 SE2d 187) (2000) ("a motion for reconsideration does not toll the time for filing a direct appeal"). And even if we were to construe Anderson's motion as a motion to set aside under OCGA § 9-11-60 (d), an order denying such a motion may be appealed only by complying with the discretionary appeal procedures. See OCGA § 5-6-35 (a) (8); *Arrowhead Alternator v. CIT Communications Finance Corp.*, 268 Ga. App. 464, 466 (602 SE2d 231) (2004).

Because Anderson did not file a timely notice of appeal from the summary judgment order, we lack jurisdiction to consider this appeal. Accordingly, Fitness International's motion to dismiss this appeal is GRANTED, and the appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 01/23/2024

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

Stephen E. Castlen , Clerk.