# Court of Appeals
# of the State of Georgia

ATLANTA,  March 10, 2025

*The Court of Appeals hereby passes the following order:*

### A25A0736. KATHERINE LANG ALLEN v. COLUMBIA COUNTY SCHOOL DISTRICT et al.

Upon consideration of the defendants' motion to dismiss this appeal for lack of jurisdiction, the motion is hereby GRANTED.

Katherine Allen filed a pro se complaint against the Columbia County School District, The Columbia County Board of Education, and all of the members of the Board of Education, alleging that her minor child was in the school library where she "gained access" to a book, which contained LGBTQ content. According to Allen, the book required prior parental knowledge/consent before it could be given to a student. On July 6, 2023, the trial court granted summary judgment to the defendants on all of Allen's claims. Thereafter, Allen filed post-judgment motions, including a motion for the judge to disclose conflicts, a motion for reconsideration, and a motion to amend motion for new trial. On September 23, 2024, the trial court entered an order finding that the motion to disclose was, in substance, a recusal motion that was untimely. The trial court found the other motions were not proper vehicles for an appeal, and it dismissed those motions and closed the case. Allen filed a notice of appeal from that ruling on October 15, 2024.

"A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of[.]" OCGA § 5-6-38 (a). "The timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court. It

follows that, if no proper and timely notice of appeal has been filed, then we must dismiss the appeal for lack of jurisdiction." (Citations omitted.) *Harned v. Piedmont Healthcare Foundation, Inc.*, 356 Ga. App. 870, 871-872 (849 SE2d 726) (2020).

Here, Allen's October 15, 2024 notice of appeal was not filed within 30 days of the trial court's July 6, 2023 final order resolving all of the claims in this case. Moreover, neither Allen's post-judgment motion to recuse nor her motion for reconsideration tolled the time to appeal. See *Harned*, supra, 356 Ga. App. at 872 (" It is well-settled that motions for reconsideration do not toll the time period for filing a notice of appeal."). While a timely motion for new trial would toll the time to file an appeal, we cannot construe either of Allen's motions as a motion for new trial because "a motion for new trial is not the proper vehicle to obtain a re-examination of the grant of summary judgment[.]" (Citation omitted.) *MedTech, Inc. v. Nelson*, 340 Ga. App. 559, 560 (797 SE2d 923) (2017). Thus, Allen's notice of appeal is untimely to appeal from the trial court's July 6, 2023 final order. OCGA § 5-6-38 (a).

Allen's notice of appeal is timely to appeal from the September 23, 2024 order resolving her post-judgment motions. However, Allen does not raise any claims of error regarding that order, as her brief only addresses the trial court's summary judgment rulings. Accordingly, because Allen only raises claims of error that we lack jurisdiction to address, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__03/10/2025_____*
    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*