## A00A0419. BELL v. COHRAN.
(536 SE2d 187)

ELLINGTON, Judge.

Brenda Bell appeals from the superior court's order dismissing her complaint with prejudice. Because Bell's notice of appeal was untimely, we lack jurisdiction to consider the merits of her case and must dismiss it.

On June 11, 1999, the superior court entered an order dismissing Bell's complaint with prejudice because she served process upon the defendant, Mary Katherine Cohran, 25 days after the statute of limitation expired. The superior court found that Bell failed to exercise due diligence in serving Cohran; consequently, Bell's belated service did not relate back to the date she filed her complaint. On June 30, 1999, Bell filed her "Motion to set aside Order to Dismiss," which the superior court denied in its August 8, 1999 order. Bell filed her notice of appeal on September 7, 1999, seeking only to appeal directly the superior court's June 11, 1999 order.

Although Bell's motion was labeled a "motion to set aside," it was, in substance, a motion for reconsideration in which Bell reargued the issue of her diligence. It is well settled that a motion for reconsideration does not toll the time for filing a direct appeal. *Blackwell v. Sutton*, 261 Ga. 284 (404 SE2d 114) (1991); OCGA § 5-6-38 (a); see also *MMT Enterprises v. Cullars*, 218 Ga. App. 559, 560-561 (2) (462 SE2d 771) (1995) (a motion to set aside, even when based upon lack of jurisdiction or a nonamendable defect, does not extend the time for filing an appeal). Bell's notice of appeal was not filed within 30 days of the superior court's June 11, 1999 order; consequently, it is untimely. OCGA § 5-6-38 (a). We lack jurisdiction to consider this appeal because the "proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon the appellate court. [Cit.]" *Hammond v. Unified Govt. of Athens-Clarke*

*County*, 240 Ga. App. 432 (525 SE2d 709) (1999).

Further, Bell cannot argue that her notice of appeal was timely taken from the court's August 8, 1999 order because it is not in and of itself directly appealable. See OCGA § 5-6-34.

Bell's motion to set aside set forth none of the grounds listed in OCGA § 9-11-60 (d). The order appealed, therefore, was not one denying a § 9-11-60 (d) motion to set aside which may be appealed by application pursuant to OCGA § 5-6-35 (a) (8). Rather, it was a so-called "discretionary" motion to set aside, one which calls upon the court to exercise its inherent power to amend or modify those orders still within the breast of the court. See, e.g., *Stone v. Dawkins*, 192 Ga. App. 126, 127 (384 SE2d 225) (1989); see also *Piggly Wiggly v. McCook*, 216 Ga. App. 335, 337 (454 SE2d 203) (1995). In *Stone*, we held that the denial of such a motion "is never appealable in its own right; nor does the filing of such a motion extend the time for filing an appeal. [Cits.]" 192 Ga. App. at 127. As we explained then, a discretionary motion to set aside "is simply a request for the trial court to reconsider its decision, and we reiterate that the denial of such a motion is not an appealable judgment." Id. In so holding, we overruled a previous contrary position taken by this Court in *Allstate Ins. Co. v. Clark*, 186 Ga. App. 58, 59 (366 SE2d 394) (1988), because "that holding was mistaken" and based upon law that was "not apposite." *Stone*, 192 Ga. App. at 127.

We take this opportunity to reaffirm the *Stone* decision. In so doing, we must overrule *T. J. Brooklyne, Inc. v. Sullivan 75*, 239 Ga. App. 588, 592 (2) (521 SE2d 644) (1999), to the extent that it holds that an order denying a discretionary motion to set aside is directly appealable. In *T. J. Brooklyne*, a panel of this Court mistakenly relied on *Harbor Light Marina v. Ellis*, 190 Ga. App. 389 (1) (378 SE2d 746) (1989), for the proposition that such an order is directly appealable. The *Harbor Light* decision, which was issued four months before *Stone* and which relied solely upon *Allstate Ins. Co.*, was impliedly overruled by our whole court decision in *Stone*. For clarity's sake, we also expressly overrule *Harbor Light* to the extent it holds that the denial of a discretionary motion to set aside is directly appealable.

Because Bell's notice of appeal is untimely with respect to the superior court's June 11, 1999 order and because the superior court's August 8, 1999 order is not itself directly appealable, we lack jurisdiction to consider the merits of Bell's appeal. Therefore, this appeal is dismissed.

*Appeal dismissed. Johnson, C. J., Pope, P. J., Andrews, P. J., Blackburn, P. J., Smith, P. J., Ruffin, Eldridge, Barnes, Miller, Phipps and Mikell, JJ., concur.*

DECIDED JUNE 20, 2000.

*Suzanne A. Littlefield*, for appellant.
*Sharon W. Ware & Associates, Jay F. Eidex*, for appellee.