# Court of Appeals
# of the State of Georgia

ATLANTA,    April 27, 2012

*The Court of Appeals hereby passes the following order:*

## A12D0348. CHARLES FERGUSON v. FULTON COUNTY DISTRICT ATTORNEY SHEPERD ORLOW.

Charles Ferguson seeks discretionary review of the trial court's order of September 10, 2012, entitled "Second Order Denying Various Post-Judgment Motions Filed by Plaintiff."[1] In violation of Court of Appeals Rule 31 (b), Ferguson did not include with his application the motions that led to the order he seeks to appeal. In its order, however, the trial court identified the motions as "Plaintiff's Motion(s) & Motion(s) in Support of All Motion(s) Both in Opposition & Prosecution" and "Plaintiff's Motion to Reevaluate All Motions and Find that Two False Writings Exist." The trial court also explained that it had granted summary judgment to the defendant on April 13, 2010, and that Ferguson's post-judgment motions sought reconsideration of that final order. We lack jurisdiction over Ferguson's application for discretionary review.

The order denying Ferguson's motions for reconsideration is not appealable. See *Bell v. Cohran*, 244 Ga. App. 510, 511 (536 SE2d 187) (2000); *Savage v. Newsome*, 173 Ga. App. 271 (326 SE2d 5) (1985). And the filing of such motions did not extend the time for appealing the underlying judgment – here, the grant of the

---

[1] Ferguson initially filed his application in the Supreme Court, which transferred it to this Court. The application was timely from the trial court's order but was not docketed in this Court until March 28, 2012, after Ferguson submitted his pauper's affidavit and a proper certificate of service.

defendant's motion for summary judgment.[2] See *Bell*, 244 Ga. App. at 510-511. Ferguson's application, therefore, is invalid as to the order of September 10, 2010, and untimely as to the order granting the motion for summary judgment. Therefore, we lack jurisdiction over this discretionary application, which is hereby ***DISMISSED***.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* 04/27/2012
  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

[2] The grant of summary judgment would have been directly appealable under OCGA § 5-6-34 (a) (1).