# Court of Appeals
# of the State of Georgia

ATLANTA,  January 22, 2014

*The Court of Appeals hereby passes the following order:*

**A14A0855.  PAMELA B. COYNE v. EMC MORTGAGE CORPORATION et al.**

Pamela Coyne brought this wrongful foreclosure action against EMC Mortgage Corporation and multiple other defendants.  On August 28, 2012, the trial court entered an order granting the defendants' motions to dismiss and for judgment on the pleadings ("the dismissal order").  Coyne filed a motion for reconsideration, which the trial court denied.  Coyne then filed a motion to set aside the dismissal order on the ground that it had been procured by fraud.  The trial court also denied that motion.  On August 28, 2013, Coyne filed a notice of appeal indicating her wish to appeal the dismissal order, the order denying her motion for reconsideration, and the order denying her motion to set aside.  We, however, lack jurisdiction.

A notice of appeal must be filed within 30 days after entry of an appealable order.  OCGA § 5-6-38 (a). The denial of a motion for reconsideration is not directly appealable.  *Bell v. Cohran*, 244 Ga. App. 510, 511 (536 SE2d 187) (2000).  And the filing of such motion does not extend the time for appealing the underlying judgment – in this case, the dismissal order. Id.  Coyne's notice of appeal, therefore, is invalid as to the order denying her motion for reconsideration and untimely by 11 months as to the dismissal order.

As for the motion to set aside, an appeal from an order denying a motion to set aside under OCGA § 9-11-60 (d) must be taken by application for discretionary appeal.  OCGA § 5-6-35 (a) (8); *Jim Ellis Atlanta, Inc. v. Adamson*, 283 Ga. App. 116

(640 SE2d 688) (2006).[1] Coyne's failure to follow the discretionary appeal procedure deprives us of jurisdiction to review the order denying her motion to set aside.

Because we lack jurisdiction to review any of the orders Coyne wishes to appeal, this case is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,* 01/22/2014
   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

[1] Although Coyne's motion to set aside did not explicitly cite OCGA § 9-11-60 (d), it was based on one of the grounds listed in the statute – fraud – and the trial court construed it as an OCGA § 9-11-60 (d) motion. Therefore, we also construe the motion as one seeking relief under OCGA § 9-11-60 (d).