# Court of Appeals
# of the State of Georgia

ATLANTA,   May 20, 2014

*The Court of Appeals hereby passes the following order:*

**A14A1569, A14A1570. MICHAEL FRAZIER v. THE STATE.**

Micheal Frazier was convicted of armed robbery, hijacking of a motor vehicle, and obstruction of a police officer, and we affirmed his convictions. See *Frazier v. State*, 262 Ga. App. 12 (587 SE2d 173) (2003). Frazier filed a motion to vacate, set aside, or correct his sentence, which the trial court denied on April 12, 2012.[1] Frazier then filed a motion for reconsideration, which the trial court denied on August 15, 2012. In Case No. A14A1569, Frazier appeals from the denial of his motion to vacate, and in Case No. A14A1570, he appeals from the denial of his motion for reconsideration. We lack jurisdiction over both appeals.

In Case No. A14A1569, Frazier filed his notice of appeal on May 24, 2012. To be timely, a notice of appeal must be filed within 30 days after entry of the appealable order. OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court. See *Rowland v. State*, 264 Ga. 872 (1) (452 SE2d 756) (1995). In addition, Frazier's motion for reconsideration did not extend the 30-day deadline for appealing the underlying order. See *Bell v. Cohran*, 244 Ga. App. 510, 511 (536 SE2d 187) (2000). Accordingly, this appeal is untimely and must be dismissed.

Moreover, even if Frazier had filed a timely notice of appeal, this appeal would be subject to dismissal. Although a direct appeal may lie from an order denying a motion to correct a void sentence, a defendant must raise a colorable claim that the

---

[1] The stamped "filed" date is April 12, 2012, but the order is signed on April 14, 2012. The notice of appeal is untimely from both dates.

sentence is, in fact, void or illegal. See *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). Here, however, Frazier does not argue that his sentence falls outside the permissible range of punishment; rather, he contends that it was unfairly imposed because he denied his involvement in the crimes charged. This is not a valid void sentence claim.

As to Case No. A14A1570, the denial of a motion for reconsideration is not directly appealable. *Bell*, supra. Accordingly, Frazier's notice of appeal is ineffective and does not give rise to a valid appeal. For these reasons, we lack jurisdiction to consider Frazier's appeals, and they are hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 05/20/2014
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*


, *Clerk.*