# Court of Appeals
# of the State of Georgia

ATLANTA,   October 29, 2015

*The Court of Appeals hereby passes the following order:*

**A16D0069.  STEPHEN V. HARTMAN v. THE STATE.**

In September 2012, Stephen Hartman pled guilty to possession of marijuana, and the trial court sentenced him to five years of probation.  In January 2015, the State moved to modify or revoke Hartman's probation on the ground that he had committed several new offenses.  Following a hearing, the trial court found that Hartman had committed the felony offense of making terroristic threats and modified Hartman's probation by requiring him to complete certain treatment programs.  The court's order was entered on February 18, 2015.  The record contains no indication that Hartman appealed this order.

In July 2015, Hartman filed a motion for reconsideration of the trial court's February 18 order, based on a U.S. Supreme Court decision that had been issued the previous month.  The next month, the State again moved to modify or revoke Hartman's probation on the ground that he had refused to participate in the programs as previously ordered by the court.  In September 2015, following another hearing, the trial court revoked Hartman's probation and ordered him to serve 2 years and 24 days in prison.  The court denied Hartman's July 2015 motion for reconsideration on October 1, 2015.

Hartman has now filed an application for discretionary review of the trial court's order denying his motion for reconsideration.  In his counseled application, Hartman specifically seeks review of the court's determination that he committed the offense of making terroristic threats.  We lack jurisdiction.

An application for discretionary appeal must be filed within 30 days of entry of the order or judgment to be appealed.  OCGA § 5-6-35 (d).  The requirements of

OCGA § 5-6-35 are jurisdictional, and this Court cannot accept an application for appeal not made in compliance therewith. *Boyle v. State*, 190 Ga. App. 734 (380 SE2d 57) (1989). The filing of a motion for reconsideration does not extend the time for filing a notice of appeal, and the denial of a motion for reconsideration is not itself a directly appealable order. See *Bell v. Cohran*, 244 Ga. App. 510, 511 (536 SE2d 187) (2000); *Savage v. Newsome*, 173 Ga. App. 271, 271 (326 SE2d 5) (1985). Here, Hartman filed his application for discretionary appeal on October 2, 2015, more than seven months after entry of the court order finding that he had committed the offense of making terroristic threats, and the denial of his motion for reconsideration of that order is not directly appealable. Consequently, Hartman's application is untimely and is hereby DISMISSED for lack of jurisdiction.[1]



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*_____10/29/2015_____
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

[1] To the extent that Hartman also seeks to appeal the September 2015 order revoking his probation, he has raised no arguments in his counseled application addressing the basis for the revocation order, namely, his failure to complete various court-ordered treatment programs.