# Court of Appeals
# of the State of Georgia

ATLANTA,  November 18, 2015

*The Court of Appeals hereby passes the following order:*

**A16A0457.  D & N ELECTRIC, INC. v. MATTHEW G. ARMSTRONG et al.**

On July 20, 2015, the trial court denied plaintiff D & N Electric, Inc. ("D & N")'s motion for a preliminary injunction in this civil action.  D & N then filed a motion for reconsideration, which the trial court denied on August 14, 2015.  The court's August 14 order also disposed of several discovery-related requests by each party.  On September 14, 2015, D & N filed a notice of appeal from the trial court's August 14 order.  We lack jurisdiction.

A notice of appeal must be filed within 30 days of entry of the order sought to be appealed.  OCGA § 5-6-38 (a).  "The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon an appellate court."  *Perlman v. Perlman*, 318 Ga. App. 731, 739 (4) (734 SE2d 560) (2012) (punctuation omitted).  The filing of a motion for reconsideration does not extend the time for filing a notice of appeal, and the denial of a motion for reconsideration is not itself a directly appealable order.  See *Bell v. Cohran*, 244 Ga. App. 510, 511 (536 SE2d 187) (2000); *Savage v. Newsome*, 173 Ga. App. 271, 271 (326 SE2d 5) (1985).  Here, D & N filed its notice of appeal 56 days after entry of the court order denying a preliminary injunction, and the denial of D & N's motion for reconsideration of that order is not directly appealable.[1]

---

[1] A trial court order refusing an application for an interlocutory injunction is directly appealable under OCGA § 5-6-34 (a) (4).  This case does not fall within the Supreme Court's equity jurisdiction, as the trial court denied a preliminary injunction on the ground that D & N was unlikely to succeed on the merits of various underlying legal claims.  See *Redfearn v. Huntcliff Homes Assn.*, 271 Ga. 745, 747 (2) (524 SE2d

To the extent that D & N seeks to appeal the disposition of the discovery-related requests addressed in the trial court's August 14 order, D & N was required to use the interlocutory appeal procedures, including obtaining a certificate of immediate review from the trial court, because this case remains pending in the trial court. See OCGA § 5-6-34 (b); *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996); *Boyd v. State*, 191 Ga. App. 435 (383 SE2d 906) (1989).

For the above reasons, we lack jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,*_____11/18/2015_____

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*

---

464) (1999) ("[W]hether an action is an equity case for the purpose of determining jurisdiction on appeal depends upon the issue raised on appeal, not upon how the case is styled nor upon the kinds of relief which may be sought by the complaint . . . ." (punctuation omitted)); see also Ga. Const. of 1983, Art. VI, Sec. VI, Par. III (2).