# Court of Appeals
# of the State of Georgia

ATLANTA,  December 21, 2016

*The Court of Appeals hereby passes the following order:*

## A17A0751.   HOLLI HOTCHKISS v. MCGUIRE FLOOR COVERING, INC. et al.

Holli Hotchkiss filed a civil action against McGuire Floor Covering, Inc. ("McGuire") and Malinda Croft.  On March 17, 2016, the trial court entered an order granting summary judgment to McGuire.  On June 7, 2016, the court entered two orders—one granting summary judgment to Croft and the other awarding attorney fees to McGuire under OCGA § 9-15-14.  Hotchkiss filed a motion to vacate the order granting summary judgment to Croft, arguing that the order violated her due process rights.  Hotchkiss also filed a motion to vacate the attorney fee award, arguing that McGuire had not shown that it was entitled to attorney fees.  On August 4, 2016, the trial court entered an order denying both motions to vacate.  On August 11, 2016, Hotchkiss filed a notice of appeal to this Court, indicating her wish to appeal the trial court's August 4 order.  We, however, lack jurisdiction.

The trial court's June 7, 2016 order granting summary judgment to Croft was directly appealable, and Croft could have appealed it by filing a notice of appeal within 30 days.  See OCGA §§ 5-6-38 (a), 9-11-56 (h).  But Hotchkiss did not do so.  Instead, she filed a motion to vacate the summary judgment order, which in substance was a motion for reconsideration.[1]  The denial of a motion for reconsideration,

---

[1] Although Hotchkiss cited OCGA § 9-11-60 (d) in her motion, she did not present any basis for setting aside the trial court's order under that Code section.  Even if we were to construe her motion as one to set aside, she still would not have a right of direct appeal here, as orders denying motions to set aside under OCGA § 9-11-60 (d) must be appealed through the discretionary appeal procedure.  See OCGA

however, is not a directly appealable judgment. See *Bell v. Cohran*, 244 Ga. App. 510, 511 (536 SE2d 187) (2000); *Savage v. Newsome*, 173 Ga. App. 271, 271 (326 SE2d 5) (1985). Thus, we have no jurisdiction to consider the trial court's denial of Hotchkiss's motion to vacate the prior summary judgment order.

Hotchkiss could have appealed the trial court's order granting attorney fees to McGuire under OCGA § 9-15-14 by filing an application for discretionary appeal within 30 days. See OCGA § 5-6-35 (a) (10). She did not. Instead, she filed a motion to vacate the attorney fee order, which motion—again—was in substance a motion for reconsideration of that order. And because the denial of a motion for reconsideration is not a directly appealable order, we have no jurisdiction to consider Hotchkiss's appeal of that order. See *Bell*, supra; *Savage*; supra.

For the foregoing reasons, we hereby DISMISS this appeal for lack of jurisdiction.



Court of Appeals of the State of Georgia
    *C l e r k ' s   O f f i c e ,*
Atlanta,___12/21/2016_____

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____*Stephen E. Castlen*_____ *, Clerk.*

---

§ 5-6-35 (a) (8).