# Court of Appeals
# of the State of Georgia

ATLANTA,  January 12, 2017

*The Court of Appeals hereby passes the following order:*

**A17A0757. MICHAEL PARTEE v. THE STATE.**

In 1996, Michael Partee pled guilty to two counts of possession of cocaine with intent to sell.  In 2010, the trial court denied Partee's "Motion to Correct Illegal Sentence/Judgment," from which Partee filed an appeal. This Court dismissed Partee's appeal because he did not raise a valid void sentence claim. See *Partee v. State*, Case No. A12A0085 (decided September 13, 2011). Partee subsequently filed a "Motion to Correct and Clarify Conviction," which the trial court denied in 2015. Partee filed an application for discretionary appeal from that order, which this Court dismissed on res judicata grounds because he had raised the same issue in his previous appeal.[1] See *Partee v. State*, Case No. A16D0355 (decided May 13, 2016).

Thereafter, Partee, who concedes that his sentence is correct, asked the trial court to reconsider its denial of his motion to correct and clarify the conviction.  The trial court denied the motion to reconsider. Partee then filed an application for discretionary appeal and two notices of direct appeal from that order, one to the Supreme Court and one to this Court. We dismissed Partee's direct appeal on the grounds that the denial of a motion for reconsideration is not directly appealable, his appeal was barred by res judicata, and his appeal was untimely. See *Partee v. State*, Case No. A17A0377 (decided Oct. 27, 2016). In addition, the Supreme Court transferred both Partee's direct appeal and application for discretionary appeal to this Court. We dismissed the application for discretionary appeal on the ground that our

---

[1] Partee filed a motion for reconsideration of this Court's dismissal order, which was denied on June 8, 2016.

rulings in the prior appeals were res judicata. See *Partee v. State*, Case No. A17D0002 (decided Aug. 19, 2016).

Before us now is the direct appeal transferred from the Supreme Court. Because, as we stated in Case No. A17A0377, the denial of a motion for reconsideration is not directly appealable, *Bell v. Cohran*, 244 Ga. App. 510, 511 (536 SE2d 187) (2000), and because "[i]t is axiomatic that the same issue cannot be relitigated *ad infinitum*," *Echols v. State*, 243 Ga. App. 775, 776 (534 SE2d 464) (2000), we lack jurisdiction over this transferred direct appeal. The State's motion to dismiss this direct appeal is hereby GRANTED, and this appeal is hereby DISMISSED.

Given that Partee has filed several prior matters in this Court seeking to address the same issue, this appeal is frivolous. This Court is empowered to impose sanctions upon a party who files a frivolous appeal. See Court of Appeals Rule 7. We thus caution Partee against filing future frivolous matters in this Court as such will result in the imposition of sanctions.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,  01/12/2017
I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.



, Clerk.