# Court of Appeals
# of the State of Georgia

ATLANTA,  March 23, 2017

*The Court of Appeals hereby passes the following order:*

**A17A0905.  CURTIS PARKER v. RIKE, INC. d/b/a ACURA CARLAND.**

Curtis Parker filed a civil action against RIKE, Inc. d/b/a Acura Carland. On September 10, 2015, the trial court granted summary judgment to RIKE. Thereafter, on July 11, 2016, Parker filed four motions, including a motion for reconsideration. The trial court entered a single order on August 24, 2016, denying all of Parker's July 11 motions. Parker filed a notice of appeal on September 1, 2016. RIKE has filed a motion to dismiss on the basis that Parker failed to file a timely notice of appeal from the grant of summary judgment and his subsequent motions did not toll the time to appeal.

The trial court's September 10, 2015 order granting summary judgment to RIKE was directly appealable, and Parker could have appealed it by filing a notice of appeal within 30 days.  See OCGA §§ 5-6-38 (a); 9-11-56 (h). But Parker did not do so. Instead, he filed a motion for reconsideration. The denial of a motion for reconsideration, however, is not a directly appealable judgment.  See *Bell v. Cohran*, 244 Ga. App. 510, 511 (536 SE2d 187) (2000); *Savage v. Newsome*, 173 Ga. App. 271, 271 (326 SE2d 5) (1985). Thus, we have no jurisdiction to consider the trial court's denial of Parker's motion for reconsideration.

Parker also filed a "motion to vacate and set aside summary judgment," which set forth the exact same arguments asserted in his motion for reconsideration.  As set forth above, the denial of a motion for reconsideration is not a directly appealable

order, and therefore we have no jurisdiction.[1] See *Bell*, supra; *Savage*, supra. Parker also filed a motion to compel discovery, in which he argued that he had subpoenaed, but not received, certain evidence that would vindicate him with regard to any future criminal prosecutions. Finally, Parker filed a motion for the appointment of counsel. Neither the denial of a motion to compel discovery nor the denial of a motion for appointment of counsel in a civil case is directly appealable. See OCGA § 5-6-34 (a).

Accordingly, RIKE's motion to dismiss is GRANTED, and this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   03/23/2017          *
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , Clerk.

---

[1] Even if we were to construe his motion as one to set aside, he still would not have a right of direct appeal here, as orders denying motions to set aside under OCGA § 9-11-60 (d) must be appealed through the discretionary appeal procedure. See OCGA § 5-6-35 (a) (8).