# Court of Appeals
# of the State of Georgia

ATLANTA, June 20, 2018

*The Court of Appeals hereby passes the following order:*

**A18A1809.  MARGIE MCRAE v. ALICE RENEE WOOTEN LESTER et al.**

Margie McRae obtained a default judgment in magistrate court against Bernard Wooten.  She subsequently filed an action in superior court seeking to add her name to a deed of real property in which Bernard Wooten had an interest in and to foreclose on the property.  McRae also asserted additional claims of trespass to land, vandalism, harassment, and extortion.  The tenants in common to the real estate sought to intervene in the case and set aside the default judgment.

The trial court set aside the default judgment and denied McRae's claims to foreclose on the judgment lien, vandalism, harassment, and extortion, leaving open only her claim to trespass to land. On August 18, 2015, McRae voluntarily dismissed her claim for trespass to land, and the trial court entered an order stating that McRae's voluntary dismissal of the sole remaining issue rendered the case final.

McRae subsequently filed several motions in the trial court, which the trial court denied on December 12, 2017.  McRae filed a motion for reconsideration, which the trial court also denied.  She then filed a notice of appeal "from all orders in the case" on February 1, 2018.  We, however, lack jurisdiction.

A notice of appeal must be filed within 30 days after entry of an appealable order.  OCGA § 5-6-38 (a).  The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court.  *Rowland v. State*, 264 Ga. 872, 872 (1) (452 SE2d 756) (1995).  Here, McRae filed her notice of appeal more than 30 days after the trial court's August 18, 2015 final order and more than 30 days after the trial court's December 12, 2017 order.  The denial of a motion for reconsideration is not directly appealable, and the filing of such a motion does not

extend the time for filing an appeal. *Bell v. Cohran*, 244 Ga. App. 510, 511 (536 SE2d 187) (2000); *Savage v. Newsome*, 173 Ga. App. 271, 271-272 (326 SE2d 5) (1985). Thus, McRae's appeal is untimely. Accordingly, the appellees' motion to dismiss is GRANTED and this appeal is DISMISSED for lack of jurisdiction.

The appellees have filed a motion for a bill of peace in order to suppress oppressive litigation, seeking to require McRae to make an application authorizing appeal for any future appeals in this case. We note that the trial court has already granted a bill of peace for filing in the Oconee Judicial Circuit. However, this is McRae's first direct appeal in this case. Accordingly, the appellees' motion for a bill of peace is DENIED.

McRae's motion to stay is DENIED AS MOOT.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   06/20/2018*
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

 *, Clerk.*