# Court of Appeals
# of the State of Georgia

ATLANTA,  August 24, 2018

*The Court of Appeals hereby passes the following order:*

**A19A0117.  IN RE ESTATE OF ALANA CHAMPION CHAVEZ.**

On June 16, 2017, the DeKalb County Probate Court granted Jewell Carter's petition to probate Alana Chavez's will in solemn form and appointed Carter as the executor of Alana Chavez's estate.  Sergio Chavez thereafter filed a caveat to the petition, which the probate court denied as untimely in an order entered on August 17, 2017.  Eight days later, Sergio Chavez filed a motion to (a) reconsider the denial of his caveat and (b) set aside the order admitting Alana Chavez's will to probate. After the probate court denied Sergio Chavez's motion on December 29, 2017, he filed this direct appeal on January 25, 2018.  Carter has filed a motion to dismiss this appeal.

A notice of appeal must be filed within 30 days of entry of the trial court order sought to be appealed.  OCGA § 5-6-38 (a).  The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court.  *Perlman v. Perlman*, 318 Ga. App. 731, 739 (4) (734 SE2d 560) (2012).  A motion for reconsideration neither extends the time for filing a challenge to an appealable order nor is appealable in its own right.  See *Bell v. Cohran*, 244 Ga. App. 510, 510-511 (536 SE2d 187) (2000); *Savage v. Newsome*, 173 Ga. App. 271, 271 (326 SE2d 5) (1985).

To the extent that Sergio Chavez seeks to appeal the probate court's order admitting Alana Chavez's will to probate, this appeal is untimely, as it was filed 223 days after that order.  See OCGA § 5-6-38 (a).  To the extent that he seeks to appeal the denial of his caveat, this appeal similarly is untimely, as it was filed 161 days after that order.  See id.  Sergio Chavez's motion to reconsider and set aside – which

essentially asked the probate court to reconsider its prior rulings – did not extend the time to appeal either ruling, and the order denying that motion is not itself appealable. See *Bell*, 244 Ga. App. at 510-511; *Savage*, 173 Ga. App. at 271. Finally, to the extent that Sergio Chavez's motion to reconsider and set aside sought relief under OCGA § 9-11-60 (d) (2), an appeal from a trial court order denying such relief must be initiated by filing an application for discretionary review. See OCGA § 5-6-35 (a) (8), (b); *Jim Ellis Atlanta, Inc. v. Adamson*, 283 Ga. App. 116, 116 (640 SE2d 688) (2006). For each of the above reasons, we lack jurisdiction over this direct appeal. Consequently, Carter's motion to dismiss is GRANTED, and this appeal is DISMISSED. Carter's request to charge all costs to Sergio Chavez – which is unaccompanied by argument or citation to authority – is DENIED.



*Court of Appeals of the State of Georgia*

    *Clerk's Office, Atlanta,*   *08/24/2018*

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*



                                             *, Clerk.*