# Court of Appeals
# of the State of Georgia

ATLANTA,  January 22, 2020

*The Court of Appeals hereby passes the following order:*

**A20A1005.  LAWRENCE GARRETT v. KILLIAN AUTO SERVICE, INC.**

This case began as an action for damages in magistrate court.  Following an adverse ruling, the defendant appealed to the state court, which entered a final judgment of $2,731.79 in favor of the plaintiff on July 12, 2019.  The defendant filed an OCGA § 9-11-60 (d) motion to set aside the July 12 judgment, which the state court construed as a motion for reconsideration and denied in an order entered on August 9, 2019.  On September 6, 2019, the defendant filed a notice of appeal to this Court.  We lack jurisdiction for multiple reasons.

First, a motion for reconsideration does not extend the time for filing an appellate challenge to an appealable order, and the denial of a motion for reconsideration is not appealable in its own right.  See *Bell v. Cohran*, 244 Ga. App. 510, 510-511 (536 SE2d 187) (2000); *Savage v. Newsome*, 173 Ga. App. 271, 271 (326 SE2d 5) (1985).  Consequently, the state court's August 9 order is not appealable, and the defendant's appeal – filed more than 30 days after the court's July 12 order – is untimely as to the July 12 order.  See OCGA § 5-6-38 (a); *Bell*, 244 Ga. App. at 510-511; *Savage*, 173 Ga. App. at 271.  And to the extent that the defendant's post-judgment motion in the state court was a proper § 9-11-60 (d) motion – rather than a motion for reconsideration – he was required to initiate this appeal by filing an application for discretionary review.  See OCGA § 5-6-35 (a) (8), (b); *Jim Ellis Atlanta, Inc. v. Adamson*, 283 Ga. App. 116, 116 (640 SE2d 688) (2006).

Regardless, an appeal from a state court order disposing of a de novo appeal from a magistrate court decision also must be initiated by filing an application for discretionary review.  See OCGA § 5-6-35 (a) (11), (b); *Strachan v. Meritor Mtg.*

*Corp. East*, 216 Ga. App. 82, 82 (453 SE2d 119) (1995).  And appeals in actions for damages in which the judgment is $10,000.00 or less likewise must be brought by discretionary application.  OCGA § 5-6-35 (a) (6), (b); *Jennings v. Moss*, 235 Ga. App. 357, 357 (509 SE2d 655) (1998).  "Compliance with the discretionary appeals procedure is jurisdictional."  *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996).  The defendant's failure to comply with the discretionary review procedure deprives us of jurisdiction over this direct appeal, regardless of whether the August 9 order is otherwise appealable.  See *Jennings*, 235 Ga. App. at 357; *Strachan*, 216 Ga. App. at 82.

For each of the above reasons, this direct appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  01/22/2020*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*