# Court of Appeals of the State of Georgia

ATLANTA,  May 27, 2020

*The Court of Appeals hereby passes the following order:*

**A20D0385. IN RE: KALEI HOPE BULWINKLE, WARD.**

On  April 6, 2020, the Effingham County  probate court found guardian Victoria Vermillion in contempt of court. Vermillion filed a motion for reconsideration. On May 13, 2020, the probate court entered an "Order for Final Ruling on Motion for Reconsideration," ordering Vermillion to pay $50.00 or she would face jail time. On May 20, 2020, Vermillion filed this application for discretionary appeal seeking to challenge the probate court's ruling.[1]

Under OCGA § 15-9-123 (a), a party to a civil case in probate court shall have the right of appeal to an appellate court without first seeking review in superior court. See *Ellis v. Johnson*, 291 Ga. 127, 128 n.1 (728 SE2d 200) (2012). A probate court is defined as "a probate court of a county having a population of more than 90,000 persons according to the United States decennial census of 2010 or any future such census[.]" OCGA § 15-9-120 (2). As of the 2010 census, Effingham County had a population of 52,250. Accordingly, the final order of the probate court must be appealed to superior court.[2] See OCGA § 5-3-2 (a). If Vermillion is aggrieved by the

---

[1] To the extent that the probate court's order of May 13, 2020, constituted the denial of a motion for reconsideration, we note that such an order is not directly appealable and that the filing of such a motion does not extend the time for filing an appeal. *Bell v. Cohran*, 244 Ga. App. 510, 511 (536 SE2d 187) (2000); *Savage v. Newsome*, 173 Ga. App. 271, 271 (326 SE2d 5) (1985).

[2] Under OCGA § 5-3-20 (a), an appeal to superior court must be filed within 30 days of the date of the order to be appealed. To the extent Vermillion seeks to appeal the April 6, 2020 order, she ordinarily would be time-barred. On March 14,

decision of the superior court, she may file an application for discretionary appeal in this Court. See OCGA § 5-6-35 (a) (1). Absent a superior court decision, however, we lack jurisdiction over this application for discretionary review, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
 *Clerk's Office, Atlanta,   05/27/2020*
 *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
 *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

2020, however, the Supreme Court declared a judicial emergency, which tolls and grants relief from any filing deadline. This order was extended on April 6, 2020, and May 11, 2020. Accordingly, Vermillion is not currently precluded from seeking further appellate review.