# Court of Appeals
# of the State of Georgia

ATLANTA,  December 01, 2020

*The Court of Appeals hereby passes the following order:*

### A21A0550. JORDAN ARTIS et al. v. WELLSTAR HEALTH SYSTEM, INC. et al.

In 2019, Jordan Artis and Christina Artis (the "Plaintiffs") sued Wellstar Health System, Inc. and Dr. William E. Robinson, Jr. (collectively, the "Defendants") for negligence, breach of contract, and other causes of action arising out of medical care provided to Jordan. The Defendants filed a motion to dismiss the complaint, and on March 27, 2020, the trial court entered an order dismissing the action. On June 8, 2020, the Plaintiffs filed a motion for reconsideration and a motion seeking an extension of time to file a notice of appeal until July 28, 2020. On July 13, 2020, the trial court denied the motion for extension of time because the Supreme Court's Order Declaring Statewide Judicial Emergency as extended on April 6, May 11, and June 12, 2020, and as extended in part on July 10, 2020, had already tolled the deadline for the Plaintiffs to file a notice of appeal during the time period for which they sought the extension.[1]

After the reimposition of filing deadlines under the Supreme Court's Order as extended in part on July 10, the Plaintiffs filed a second motion for an extension of time to file a notice of appeal. On August 20, 2020, the trial court entered separate orders denying the motion for reconsideration and granting the Plaintiffs an extension to file a notice of appeal until September 4, 2020. On September 21, 2020, the

---

[1] This Order "reimposes all deadlines and other time schedules and filing requirements that are imposed on litigants by statutes, rules, regulations, or court orders . . ." effective July 14, 2020. Fourth Order Extending Declaration of Statewide Judicial Emergency (II) (A) (2) (July 10, 2020).

Plaintiffs filed their notice of appeal. The Defendants have filed a motion to dismiss this appeal, arguing that the Plaintiffs' notice of appeal is untimely.

The Plaintiffs' appeal is untimely. A notice of appeal must be filed within 30 days of entry of the judgment or trial court order sought to be appealed. OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer appellate jurisdiction on this Court. *Rowland v. State*, 264 Ga. 872, 872 (1) (452 SE2d 756) (1995). The Plaintiffs' notice of appeal was filed 14 days after the expiration of the deadline as extended by the trial court.[2] Furthermore, motions for reconsideration do not extend the time to appeal from the underlying decision, and the order resolving the motion is not subject to direct appeal. See *Bell v. Cohran*, 244 Ga. App. 510, 510 (536 SE2d 187) (2000) ("a motion for reconsideration does not toll the time for filing a direct appeal").

For this reason, the Defendants' motion to dismiss this appeal is GRANTED, and the Plaintiffs' appeal is hereby DISMISSED for lack of jurisdiction.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,   12/01/2020
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*


, *Clerk.*

---

[2] Had the trial court not extended the Plaintiffs' deadline to file their notice of appeal, the Plaintiffs would have had until August 13, 2020 to file their notice of appeal of the trial court's order.