# Court of Appeals
# of the State of Georgia

ATLANTA,  March 26, 2024

*The Court of Appeals hereby passes the following order:*

**A24D0275. ADVANTAGE POINT SOLUTIONS LLC v. ZYLUN STAFFING d/b/a CODEV.**

Zylun Staffing filed this action against Advantage Point Solutions LLC to enforce a foreign judgment entered by a court in Utah. Advantage filed a motion to set aside the Utah judgment. On November 30, 2023, the trial court denied Advantage's motion. Advantage then filed a motion for reconsideration, which the trial court denied. On March 7, 2024, Advantage filed this application for discretionary appeal. We lack jurisdiction for two reasons.

First, based on the application materials Advantage has submitted, it appears that the case remains pending below. Because the order Advantage seeks to appeal is not a final judgment, Advantage was required to comply with the interlocutory appeal procedures set forth in OCGA § 5-6-34 (b). See *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 588-589 (1) (408 SE2d 103) (1991). Although Advantage filed a discretionary application pursuant to OCGA § 5-6-35, the filing of an application for discretionary appeal does not excuse a party seeking appellate review of an interlocutory order from complying with the additional requirements of OCGA § 5-6-34 (b), including obtaining a certificate of immediate review from the trial court. See *Bailey v. Bailey*, 266 Ga. 832, 832-833 (471 SE2d 213) (1996). Advantage's failure to follow the proper appellate procedure deprives us of jurisdiction to consider this application.

Second, even if the trial court's order were final, such that no interlocutory application was required, this discretionary application is untimely. A discretionary

application must be filed within 30 days of entry of the order to be appealed. OCGA § 5-6-35 (d). The requirements of OCGA § 5-6-35 are jurisdictional, and this Court cannot accept an application for appeal not made in compliance therewith. See *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989). Advantage filed this application 98 days after entry of the trial court's order denying its motion to set aside. Although Advantage filed a motion for reconsideration, such a motion does not extend the time for filing an appellate challenge to an appealable order, and the denial of such a motion is not appealable in its own right. See *Bell v. Cohran*, 244 Ga. App. 510, 510-511 (536 SE2d 187) (2000); *Savage v. Newsome*, 173 Ga. App. 271, 271 (326 SE2d 5) (1985).

For these reasons, this application for discretionary appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,* ___03/26/2024_____

   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*