# Court of Appeals
# of the State of Georgia

ATLANTA, October 28, 2024

*The Court of Appeals hereby passes the following order:*

## A25D0093. HOPE DARRISAW v. KARLEIGH COLEMAN.

Plaintiff Hope Darrisaw filed the underlying personal injury action against defendant Karleigh Coleman in magistrate court. Dissatisfied with the magistrate court judgment, Darrisaw appealed to superior court. However, the superior court dismissed Darrisaw's action without prejudice in December 2023, after she failed to appear for a pre-trial motions hearing. In response, Darrisaw filed a motion to vacate or set aside the dismissal and a motion for new trial, both of which the trial court denied in April 2024. Darrisaw then filed a notice of appeal , followed by a motion to correct clerical errors in the April 2024 order pursuant to OCGA 9-11-60 (g). The trial court dismissed the motion to correct clerical errors for lack of jurisdiction on August 12, 2024. Darrisaw next filed a motion for reconsideration of the August 12 order, which the superior court dismissed as moot on September 6, 2024, after dismissing the notice of appeal. On October 12, 2024, Darrisaw filed this application for discretionary review of the court's August 12 order and the September 6 order dismissing her motion for reconsideration. We, however, lack jurisdiction.

An application for discretionary review must be filed within 30 days of entry of the order or judgment to be appealed. OCGA § 5-6-35 (d). The requirements of OCGA § 5-6-35 are jurisdictional, and this Court cannot accept an application for appeal not made in compliance therewith. See *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989). A motion for reconsideration does not extend the time for filing an appeal, and the denial of a motion for reconsideration is not appealable in its own right. See *Bell v. Cohran*, 244 Ga. App. 510, 510-511 (536 SE2d 187) (2000).

Here, Darrisaw's application was untimely filed 61 days after entry of the August 12 order.[1] Her motion for reconsideration did not extend the time to appeal from that order, and the September 6 denial of her motion for reconsideration is not itself appealable. See OCGA § 5-6-35 (d); *Bell*, 244 Ga. App. at 510-511. Accordingly, we are without jurisdiction to consider this application, which is hereby DISMISSED. See *Boyle*, 190 Ga. App. at 734.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*  10/28/2024

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

[1] Darrisaw certified that she was unable to file her application until October 12, 2024, due to the effects of Tropical Cyclone Helene. However, her deadline for filing a discretionary application from the August 12 order expired on September 11, 2024, 19 days before the Chief Justice entered the Statewide Judicial Emergency Order extending filing deadlines for those affected by Tropical Cyclone Helene. See Supreme Court Order Declaring Statewide Judicial Emergency (Sept. 30, 2024), available at www.gasupreme.us.