# Court of Appeals
# of the State of Georgia

**ATLANTA,**  February 12, 2025

*The Court of Appeals hereby passes the following order:*

**A25A0966. RICH P. SUCCESSFUL v. GISELA T. PEARSON.**

Rich P. Successful and Gisela T. Pearson divorced on August 14, 2019. In March 2023, Pearson filed a motion for citation of contempt. On September 11, 2024, the trial court granted Pearson's motion, holding Successful in contempt for failure to pay child support, alimony, and other obligations set forth in the parties' divorce decree. Successful filed a motion for reconsideration, which the trial court also denied. On October 18, 2024, Successful filed a notice of appeal, in which he sought to challenge the contempt order and the denial of his motion for reconsideration.  We lack jurisdiction.

Appeals from orders in domestic relations cases, including orders holding or declining to hold persons in contempt, must be pursued by discretionary application. See OCGA § 5-6-35 (a) (2). "[C]ompliance with the discretionary appeals procedure is jurisdictional." *Fabe v. Floyd*, 199 Ga. App. 322, 332 (1) (405 SE2d 265) (1991). Successful's failure to follow the discretionary appeal procedure deprives us of jurisdiction over this case.

Even if the contempt order was directly appealable, a notice of appeal must be filed within 30 days of the entry of the appealable decision. OCGA § 5-6-38 (a). "The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon an appellate court." *Perlman v. Perlman*, 318 Ga. App. 731, 739 (4) (734 SE2d 560) (2012) (punctuation omitted). Successful filed his notice of appeal 37 days after the contempt order was entered. Moreover, the filing of a motion for reconsideration does not extend the time for filing an appeal, and the denial of such

a motion is not directly appealable. *Bell v. Cohran*, 244 Ga. App. 510, 510-511 (536 SE2d 187) (2000); *Savage v. Newsome*, 173 Ga. App. 271, 271-272 (326 SE2d 5) (1985).

For the above reasons, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  02/12/2025*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*