# Court of Appeals
# of the State of Georgia

ATLANTA,  May 20, 2025

*The Court of Appeals hereby passes the following order:*

**A25D0374. ROBERT KELLY BRUMBELOW v. CITY OF CEDARTOWN.**

Robert Kelly Brumbelow was adjudicated guilty in municipal court of violating three ordinances. Based on the limited application materials before us, it appears that after this determination, Brumbelow filed a petition for review of the municipal court ruling in superior court, which apparently affirmed the municipal court judgment. Brumbelow then filed a motion for an out-of-time appeal, which the superior court dismissed on January 13, 2025. Brumbelow filed a motion for reconsideration of that order, which the trial court denied on March 28, 2025. On the same date, the trial court also issued an order denying the relief Brumbelow requested in his "Motion to Clarify and Sever Rulings on Separate Appeals." From those orders, on April 27, 2025, Brumbelow filed this discretionary application. We, however, lack jurisdiction.

Pretermitting whether a timely appeal otherwise would lie from the January 13 order, see *Cook v. State*, 313 Ga. 471, 506 (5) (870 SE2d 758) (2022), Brumbelow's application is untimely. An application for discretionary appeal must be filed within 30 days of entry of the order sought to be appealed. OCGA § 5-6-35 (d). The requirements of OCGA § 5-6-35 are jurisdictional, and this Court cannot accept an application for appeal not made in compliance therewith. *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989). And the filing of a motion for reconsideration does not extend the time for filing a discretionary application for appeal. See *Bell v. Cohran*, 244 Ga. App. 510, 511 (536 SE2d 187) (2000); *Savage v. Newsome*, 173 Ga. App. 271, 271 (326 SE2d 5) (1985).

Under this clear authority, Brumbelow's motion for reconsideration did not extend the time within which he could appeal the trial court's January 13 order. Similarly, Brumbelow's "Motion to Clarify and Sever Rulings on Separate Appeals," which requested that the trial court revisit its January 13 ruling by issuing separate orders to correlate to his separate motions for out-of-time appeals, was, in essence, a motion for reconsideration. See *Hudson Trio, LLC v. Buckhead Community Bank*, 304 Ga. App. 324, 326 (1) (696 SE2d 372) (2010) (we construe motions according to function rather than nomenclature). Thus, as with his appropriately entitled motion for reconsideration, the motion to clarify and sever rulings did not extend the time for Brumbelow to appeal the trial court's January 13 order. Accordingly, Brumbelow's application — filed 104 days after entry of the order dismissing Brumbelow's motion for an out-of-time appeal— is untimely.

For the above reasons, we lack jurisdiction to consider this application for discretionary appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*  05/20/2025

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____, *Clerk.*