# Court of Appeals
# of the State of Georgia

ATLANTA,　June 27, 2025

*The Court of Appeals hereby passes the following order:*

**A25D0448. DOUGLAS FLOURNOY v. STATE OF GEORGIA.**

In 2019, Douglas Flournoy was convicted of rape and other offenses. Following the denial of his motion for a new trial, we dismissed Flournoy's direct appeal due to his failure to comply with this Court's briefing deadlines. See Case No. A24A0250 (Sept. 27, 2023). Back in the trial court, Flournoy filed an extraordinary motion for a new trial, which the trial court denied in March 2025. He then filed a motion for reconsideration, which the trial court denied in May 2025. Flournoy now files the instant application for discretionary review from the trial court's order denying his motion for reconsideration of the court's order denying his extraordinary motion for a new trial. We lack jurisdiction.

The denial of a motion for reconsideration is not appealable in its own right, and a motion for reconsideration does not extend the time for filing an appellate challenge to an appealable order. See *Bell v. Cohran*, 244 Ga. App. 510, 511 (536 SE2d 187) (2000); *Savage v. Newsome*, 173 Ga. App. 271, 271 (326 SE2d 5) (1985). To the extent that Flournoy seeks to appeal the order denying his extraordinary motion for a new trial, his application is untimely. An application for discretionary appeal must be filed within 30 days of entry of the order sought to be appealed. OCGA § 5-6-35 (d). The requirements of OCGA § 5-6-35 are jurisdictional, and this Court cannot accept an application for appeal not made in compliance therewith. *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989).

Consequently, Flournoy's application, filed in June 2025 — more than two months after entry of the denial of his extraordinary motion for a new trial — is untimely.

Accordingly, we lack jurisdiction to consider this discretionary application, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 06/27/2025

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*