# Court of Appeals
# of the State of Georgia

ATLANTA,  October 22, 2025

*The Court of Appeals hereby passes the following order:*

## A26A0484. REGINALD LUSTER v. PATRICK LABAT, SOLELY IN HIS CAPACITY AS SHERIFF OF FULTON COUNTY.

Patrick Labat, acting in his capacity as Sheriff of Fulton County, filed a petition for interpleader relief to determine the proper parties entitled to payment of excess funds from a non-judicial tax sale of real property at which Reginald Luster was the highest bidder. Luster, who was named as a respondent to the petition, asserted that he was entitled to all of the excess funds and sought leave of court to file counterclaims for fraud, material misrepresentation, and equitable relief. On August 26, 2024, the trial court issued a "Final Order Granting Interpleader Relief and Directing Disbursement of Tax Sale Excess Funds." In this order, the court ruled that Luster was not entitled to any of the excess funds because he did not have an interest in the property at the time of the tax sale, provided for the disbursement of the funds to other parties, and directed the trial court clerk to mark the case as closed.

Subsequently, Luster filed a motion for summary judgment regarding his entitlement to the excess funds, which the trial court denied on February 26, 2025. Luster also filed a motion for leave of court to file counterclaims for fraud and equitable relief. On August 19, 2025, the trial court issued an order denying the motion. Luster then filed this appeal. We lack jurisdiction.

A notice of appeal must be filed within 30 days of entry of the order to be appealed, OCGA § 5-6-38 (a), and the proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court. *Redford v. State*, 357 Ga. App. 247, 250 (850 SE2d 447) (2020). A motion for reconsideration does not

extend the time for filing an appellate challenge to an appealable order, and the denial of such a motion is not appealable in its own right. See *Bell v. Cohran*, 244 Ga. App. 510, 510–11 (536 SE2d 187) (2000); *Savage v. Newsome*, 173 Ga. App. 271, 271 (326 SE2d 5) (1985). The instant appeal is clearly untimely as to the trial court's August 26, 2024 final order, as it was filed about a year after entry thereof. Further, the appeal may not be taken from the trial court's August 19, 2025 order denying Luster's motion for leave of court to file counterclaims for fraud and equitable relief, because the motion was in substance a motion for reconsideration of the final order. See *Bell*, 244 Ga. App. at 510–11. See also *Kuriatnyk v. Kuriatnyk*, 286 Ga. 589, 590 (690 SE2d 397) (2010) (explaining that "substance, rather than nomenclature, governs pleadings"). Thus, we lack jurisdiction over this appeal, which is hereby DISMISSED. See *Bell*, 244 Ga. App. at 511.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 10/22/2025

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*