# Court of Appeals
# of the State of Georgia

ATLANTA,  November 20, 2025

*The Court of Appeals hereby passes the following order:*

## A26A0649. ASHTON HARRIS v. INTERNATIONAL AUTO LIQUIDATORS, LLC.

In this action for negligence, the trial court entered a final order and default judgment awarding $665.16 to plaintiff Ashton Harris on June 12, 2025. Harris subsequently filed a motion to amend the judgment in which he asked the trial court to impose more than $92,000 in damages. The trial court construed Harris's request as a motion for reconsideration, which the court denied on July 24, 2025. Harris filed a notice of appeal on August 21, 2025. We lack jurisdiction for two reasons.

First, a notice of appeal must be filed within 30 days of entry of the judgment or trial court order sought to be appealed. OCGA § 5-6-38(a). The proper and timely filing of a notice of appeal is an absolute requirement to confer appellate jurisdiction on this Court. *Perlman v. Perlman*, 318 Ga. App. 731, 739 (4) (734 SE2d 560) (2012). While a final judgment is subject to direct appeal under OCGA § 5-6-34(a)(1), a motion for reconsideration does not extend the time to file an appellate challenge to an appealable order, and the denial of a motion for reconsideration is not appealable in its own right. See *Bell v. Cohran*, 244 Ga. App. 510, 510–11 (536 SE2d 187) (2000); *Savage v. Newsome*, 173 Ga. App. 271, 271 (326 SE2d 5) (1985). Consequently, the trial court's July 24 order is not appealable, and Harris's August 21 appeal — filed 70 days after the court's June 12 order — is untimely as to that order. See OCGA § 5-6-38(a); *Bell*, 244 Ga. App. at 510–11; *Savage*, 173 Ga. App. at 271.

Second, appeals in actions for damages in which the judgment is $10,000 or less must be initiated by filing an application for discretionary review. OCGA

§ 5-6-35(a)(6), (b); *Jennings v. Moss*, 235 Ga. App. 357, 357 (509 SE2d 655) (1998). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dep't of Human Res.*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). Harris's failure to follow the proper procedure in this appeal involving a $665.16 final judgment independently deprives us of jurisdiction over this direct appeal. See *Jennings*, 235 Ga. App. at 357.

For the above reasons, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   11/20/2025                     *

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

                                                              *, Clerk.*