# Court of Appeals
# of the State of Georgia

ATLANTA,  January 22, 2026

*The Court of Appeals hereby passes the following order:*

**A26A1077. REUBEN DARKU v. ESTHER NARH-MARTEY.**

In this child custody modification proceeding, the trial court entered a final order on October 20, 2025, modifying Reuben Darku's visitation with his child. On November 14, 2025, Darku filed a motion for reconsideration. The trial court denied that motion. On December 9, 2025, Darku filed a notice of appeal. We lack jurisdiction.

A notice of appeal must be filed within 30 days of entry of the judgment or trial court order sought to be appealed. OCGA § 5-6-38(a). The proper and timely filing of a notice of appeal is an absolute requirement to confer appellate jurisdiction on this Court. *Perlman v. Perlman*, 318 Ga. App. 731, 739 (4) (734 SE2d 560) (2012). While child custody rulings generally are directly appealable under OCGA § 5-6-34(a)(11), a motion for reconsideration does not extend the time to file an appellate challenge to an appealable order, and the denial of a motion for reconsideration is not appealable in its own right. See *Bell v. Cohran*, 244 Ga. App. 510, 510–11 (536 SE2d 187) (2000); *Savage v. Newsome*, 173 Ga. App. 271, 271 (326 SE2d 5) (1985). Consequently, the trial court's order denying Darku's motion for reconsideration is not appealable, and Darku's December 9 notice of appeal — filed 50 days after the court's October 20 order — is untimely as to that order. See OCGA § 5-6-38(a); *Bell*, 244 Ga. App. at

510–11; *Savage*, 173 Ga. App. at 271. Accordingly, we lack jurisdiction over this appeal, which is hereby DISMISSED.



Court of Appeals of the State of Georgia

Clerk's Office, Atlanta,___01/22/2026_____

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____, Clerk.