# Court of Appeals of the State of Georgia

ATLANTA, <u>May 19, 2026</u>

*The Court of Appeals hereby passes the following order:*

## A26A1107. TAYO REED v. DEBRA DEBERRY.

Acting pro se, Tayo Reed appeals the trial court's dismissal of her petition for writ of mandamus filed against Debra Deberry, Clerk of the Superior Court of DeKalb County. The order dismissing Reed's petition for failure to state a claim was entered on November 26, 2025. Following the entry of this order, Reed filed an "Emergency Motion to Vacate Dismissal, Reopen, Deny Respondent's Motion to Dismiss, Correct Misclassification Error of Law, and Request an Expedited Bench Trial," along with related motions demanding a hearing and an expedited ruling on the motion. In substance, Reed's motion to "vacate" was a motion for reconsideration challenging the legal merits of the trial court's reasoning for dismissing the petition for writ of mandamus. The trial court next entered an order on December 11, 2025, denying the motion to "vacate" and its related motions. On December 12, 2025, Reed filed a motion for reconsideration of the denial of the motion to "vacate" and its related motions (but not reconsideration of the order dismissing the petition for writ of mandamus). On January 5, 2026, the trial court entered an omnibus order denying "all motions filed after December 11, 2025[.]" Reed's December 12, 2025 motion for reconsideration of the denial of the motion to "vacate" is the only motion filed in this time period.

Reed filed a notice of appeal on January 8, 2026, specifically seeking to appeal "1. The Order dismissing the Petition for Writ of Mandamus; 2. The Order denying Petitioner's Motion for Reconsideration; [and] 3. The Order denying reinstatement and post-judgment relief; all entered on or about January 5, 2026." We lack

jurisdiction.

As an initial matter, the notice of appeal is not accurate – only the order denying the motion for reconsideration of the motion to "vacate" was entered on January 5, 2026. It is evident, however, that Reed ultimately wishes to appeal the dismissal of her petition for writ of mandamus – an order that was entered on November 26, 2025. To do so, Reed was required to file a notice of appeal within 30 days of that date. See OCGA § 5-6-38(a). Reed did not do so, and the motions filed by Reed after the dismissal of her mandamus petition do not affect her deadline for filing. In essence, all of these subsequently filed motions were motions for reconsideration of issues determined by the trial court. A motion for reconsideration does not extend the time for filing an appellate challenge to an appealable order, and the denial of a motion for reconsideration is not appealable in its own right. See *Bell v. Cohran*, 244 Ga. App. 510, 510-11 (536 SE2d 187) (2000); *Savage v. Newsome*, 173 Ga. App. 271, 271 (326 SE2d 5) (1985).

In summation, Reed was required to file a notice of appeal within 30 days of the trial court's order dismissing her petition for a writ of mandamus to challenge that order. She did not do so, and, as a result, we lack jurisdiction to consider this appeal. See *Hammond v. Unified Gov't. of Athens–Clarke County*, 240 Ga. App. 432 (525 SE2d 709) (1999) ("The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon the appellate court.").

Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __05/19/2026_____

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*